In re Akbar **HOSSEINPOUR–ESFAHANI** and Mehangiz Hosseinpour, Debtors.

Larry J. TAYLOR, Chapter 7 Trustee, Appellant,

v.

Akbar **HOSSEINPOUR–ESFAHANI** and Mehangiz Hosseinpour, Appellees.

BAP Nos. NC–95–2118–RDMe, NC–95–2119–RDMe. Bankruptcy No. 93–21401–C–7. Adversary No. 95–2303–C.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 21, 1996.

Decided July 3, 1996.

Adam S. Gruen, San Francisco, CA, for Appellant.

Donald W. Fitzgerald, Sacramento, CA, for Appellees.

Before: RUSSELL, DONOVAN [1], and MEYERS, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

The debtors filed a motion to dismiss the chapter 7 [2] trustee's complaint to set aside fraudulent transfers and to avoid certain liens as time barred by § 546(a)(1). The bankruptcy court rejected the trustee's contention that the statute was equitably tolled and dismissed the complaint. The trustee filed a motion for reconsideration, which the bankruptcy court denied. The trustee appeals both orders. We AFFIRM.

## I. FACTS

The debtors, Akbar Hosseinpour–Esfahani and Mehangiz Hosseinpour, filed a joint petition for chapter 7 relief on February 17, 1993. Larry J. Taylor was appointed as the interim chapter 7 trustee ("trustee").

The § 341 meeting of creditors was held on March 25, 1993. The trustee requested that the meeting be continued to April 8, 1993 to allow the debtors time to produce certain documents. Prior to the continued meeting, the debtors filed the additional documents with the trustee and, therefore, did not attend the April 8th meeting. On April 9, 1993, the trustee filed his "Report of the § 341 Meeting" in which he stated that the meeting of creditors was held and concluded on March 25, 1993.

On June 15, 1993, the debtors obtained an order granting their discharge. Shortly thereafter, Meritplan Insurance Company filed a complaint to revoke the debtors' discharge. After a trial, the bankruptcy court concluded that the debtors knowingly and fraudulently made false oaths sufficient to warrant a denial of discharge under § 727(a)(4) and entered judgment in favor of Meritplan. The order revoking the debtors' discharge was entered on May 9, 1994.

On January 6, 1995, the trustee filed an application to employ the law firm of Kenney, Burd & Markowitz ("KB & M") as special counsel to represent the trustee in a subsequent fraudulent conveyance action. KB & M was familiar with the facts of the case and the allegedly fraudulent transfers because it had represented Meritplan in its objection to the debtors' discharge. The bankruptcy court's order authorizing the trustee's retention of KB & M was entered on January 12, 1995.

On May 1, 1995, the trustee filed a complaint to set aside fraudulent transfers and obligations and to extinguish liens pursuant to §§ 544 and 548. In the complaint, the trustee acknowledged that it was filed beyond § 546(a)(1)'s two year statute of limitations, but asserted that the complaint was timely filed under the doctrine of equitable tolling.

---

1. Hon. Thomas B. Donovan, Bankruptcy Judge for the Central District of California, sitting by designation.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

The debtors moved to dismiss the complaint as time barred pursuant to § 546(a)(1). Alternatively, the debtors contended that the complaint failed to state a claim upon which relief could be granted because it failed to name the transferees of the allegedly fraudulent transfers as defendants in the action.

At the hearing on the motion to dismiss, the bankruptcy court issued an oral ruling dismissing the complaint as untimely. A civil minute order was entered on July 28, 1995.

On July 31, 1995, the trustee filed a Fed. R.Civ.P. 60(b) motion for reconsideration or, in the alternative, for relief from the order due to mistake, surprise or excusable neglect. The bankruptcy court denied this motion. The trustee appeals.

## II. ISSUES

A. Whether the bankruptcy court abused its discretion in refusing to apply the equitable tolling doctrine when the trustee failed to timely file a complaint after discovering the existence of the cause of action within the two year statute of limitations period of § 546(a)(1).

B. Whether the bankruptcy court abused its discretion in denying the trustee's motion for reconsideration.

## III. STANDARD OF REVIEW

■ A court has latitude in granting relief from a strict construction of a statute of limitations and reaches this determination on a case-by-case analysis. *Scholar v. Pacific Bell*, 963 F.2d 264, 267–68 (9th Cir.), *cert. denied*, 506 U.S. 868, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992). Thus, we review the bankruptcy court's decision that the trustee could not invoke the doctrine of equitable tolling for an abuse of discretion. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984) (per curiam), *reh'g denied*, 467 U.S.

1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984); *see also Scholar*, 963 F.2d at 267.

■ Similarly, the denial of a motion for reconsideration is reviewed for an abuse of discretion. *Northern Alaska Envtl. Ctr. v. Lujan*, 961 F.2d 886, 889 (9th Cir.1992). Under an abuse of discretion standard, a reviewing court cannot reverse unless it has "a definite and firm conviction that the court below committed a clear error of judgment" in the conclusion it reached upon a weighing of the relevant factors. *Marchand v. Mercy Medical Ctr.*, 22 F.3d 933, 936 (9th Cir.1994).

## IV. DISCUSSION

A. *Whether the Trustee's Complaint Was Timely Filed*

1. *The applicable statute of limitations*

Section 546(a)(1) sets forth the applicable statute of limitations period for avoidance actions. In relevant part, the statute provides:

[a]n action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of:

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a)(1).[3]

In cases commenced under chapter 7, the two year statute of limitations is calculated from the date a permanent trustee is elected at the § 341 meeting of creditors. If no election is held, however, the interim trustee automatically serves as permanent trustee in the case. § 702(d)[4].

■ As a general rule, statutes of limitations are strictly construed. *Scholar*, 963 F.2d at 267. In extreme circumstances, however, under the doctrine of equitable tolling,

---

**3.** The Bankruptcy Reform Act of 1994 amended § 546(a), however, the amendments do not apply in this case because the debtor's bankruptcy petition was filed before October 22, 1994, the effective date of the Reform Act. Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106, *reprinted in* 1994 U.S.C.C.A.N. 3340 *et seq.*

**4.** In relevant part, § 702 provides:.

**§ 702. Election of trustee.**

. . . .

(d) If a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case.

a court may extend equitable relief to a claimant by suspending the applicable statute of limitations.

### 2. The equitable tolling doctrine

■ The equitable tolling doctrine is a creation of common law that has been read into every statute of limitations. *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1945). The Ninth Circuit has held that in certain cases, the doctrine of equitable tolling may be applied to toll the two year statute of limitations contained in § 546(a)(1). *In re United Ins. Management, Inc.*, 14 F.3d 1380, 1384 (9th Cir.1994).

■ Under the doctrine of equitable tolling, "where the party injured by the fraud remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party." *Id.* (citing *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991)).

■ In the instant case, the trustee filed his complaint on May 1, 1995, more than two years after he became the permanent trustee at the conclusion of the § 341 meeting of creditors held on March 25, 1993.[5] The trustee argues, however, that as a matter of law, the two year time period was equitably tolled because he was diligent in discovering the debtors' alleged fraud and because he filed the complaint within two years after the discovery.[6] In support of his argument, the trustee relies on the seminal case of *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1875).

In *Bailey*, an assignee of the debtor brought a bill in chancery to set aside as fraudulent and void the conveyance of real estate by the bankrupt to the defendant. The defendants filed a demurrer requesting dismissal on the grounds that the suit was not brought within two years from the appointment of the assignee. The Supreme Court reversed the Circuit Court's order sustaining the demurrer and dismissing the complaint. The Court held, "when there has been no negligence or laches on the part of the plaintiff in coming to the knowledge of the fraud which is the foundation of the suit, and when the fraud has been concealed, or is of such character as to conceal itself, the statute does not begin to run until the fraud is discovered by, or becomes known to the party suing, or those in privity with him." *Id.* 88 U.S. at 350.

The holding of *Bailey*, and the numerous cases decided in its wake, focused on the diligence of the plaintiff in attempting to learn of the fraud. Courts, including the

---

**5.** The trustee argues that § 546(a)(1)'s statute of limitations never began to run because the bankruptcy court did not enter an order appointing a permanent trustee. From the trustee, this argument is disingenuous.

According to his own report, the § 341 meeting of creditors was concluded on March 25, 1993. Pursuant to § 702(d), if a permanent trustee is not appointed at the conclusion of the § 341(a) meeting of creditors, then the interim trustee serves as the permanent trustee in the case. Thus, the interim trustee is deemed to have been appointed the permanent trustee on March 25, 1993, and this is the date the statute of limitations began to run.

The case relied on by the trustee in support of his argument, *In re Conco Bldg. Supplies, Inc.*, 102 B.R. 190 (9th Cir. BAP 1990), is easily distinguishable from this case. In *Conco Bldg.*, the debtors did not attend the § 341 meeting of creditors and, therefore, deprived the trustee of the opportunity to examine the debtors. *Id.* at 192. Here, there was no attendance problem and, as noted above, the trustee's own report stated that the § 341(a) meeting of creditors concluded on March 25, 1993.

**6.** We note that nowhere in the trustee's brief does he state exactly when he learned of the potential for the fraudulent transfer action. At the hearing on the motion to dismiss, the debtors' attorney contended that as of May 1994, when the debtors' discharge was revoked, the trustee knew that he had a cause of action against the debtors.

In response, KB & M argued that the bankruptcy court should measure the date of the trustee's actual knowledge of the existence of the cause of action from the date the bankruptcy court approved the trustee's application to employ KB & M, which occurred in January 1995. In its findings of fact, the bankruptcy court accepted the January 1995 date and concluded that trustee's counsel still had three months to file the complaint. The complaint was nevertheless not filed until May 1, 1995, five months later.

Ninth Circuit, have subsequently held that when the application of the equitable tolling doctrine turns on the plaintiff's lack of diligence in discovering a cause of action, a court may hold as a matter of law that the doctrine does not apply. *United*, 14 F.3d at 1385.

While we do not dispute this rule of law, the case before us does not concern whether or not the trustee was diligent in uncovering the alleged fraud. The issue before the Panel is whether the bankruptcy court abused its discretion in refusing to apply the doctrine of equitable tolling when the trustee was dilatory *after* discovering the existence of a claim.[7]

In this case, the latest possible date the trustee could rely on as the date he discovered the existence of a cause of action is January 12, 1995, the date the bankruptcy court entered its order on the trustee's motion to employ KB & M. Even relying on this date, approximately three months remained on the statute of limitations. The bankruptcy court concluded that this was sufficient time for trustee's counsel to commence the avoidance action.[8]

On appeal, the trustee asserts that his actions *after* learning about the alleged fraudulent transfers are irrelevant for purposes of determining whether the statute should be equitably tolled. Beyond an assertion that his counsel believed the statute was tolled, however, the trustee does not explain why three months was an insufficient period of time to file a complaint.

Despite the trustee's alleged diligence in discovering the alleged fraud before the statute of limitations lapsed, we cannot conclude that this obviates the need for the trustee to act diligently and in a timely manner once he has this knowledge. *See Scholar*, 963 F.2d at 268 (declining to apply the doctrine of equitable tolling when there was sufficient time under the statute to file a complaint, but the plaintiff failed to act). Before a court applies equitable principles to toll a statute, the plaintiff must demonstrate some justification to invoke the doctrine. *Id.* In this case, the trustee has offered no explanation why three months was an insufficient period of time to file a complaint. We suspect such an explanation would be difficult, especially when KB & M had recently represented Meritplan in an adversary proceeding based upon some, if not all, of the same allegedly fraudulent acts.[9]

The Supreme Court has recognized that a claimant who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. *Baldwin*, 466 U.S. at 151, 104 S.Ct. at 1725. Thus, in a case where a party has failed to act diligently in preserving its legal rights, courts have declined to apply the doctrine of equitable tolling. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112

---

7. The trustee also argues that no prejudice will result if the complaint is reinstated. On this issue, the Supreme Court has stated that while "the absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine." *Baldwin*, 466 U.S. at 152, 104 S.Ct. at 1726. Here, the trustee has failed to meet the threshold requirement of identifying a factor that might justify tolling. Therefore, we decline to consider this argument.

8. The bankruptcy court, presumably in deference to the trustee's argument, relied on January 12, 1995 as the date the trustee learned of the existence of a cause of action. It is more likely, however, that the trustee knew of the facts concerning the allegedly fraudulent transfers long before this date given that Meritplan filed its complaint to revoke the debtors' discharge on July 7, 1993, the trial was held in March 1994

and the order revoking the debtors' discharge was entered on May 9, 1994. At the very least, the trustee knew about the existence of the claim when he filed his application to employ counsel on January 6, 1995.

9. In support of the trustee's application to employ KB & M, one of the attorneys from KB & M submitted a declaration containing the following excerpt:

Indeed, Kenney, Burd & Markowitz,.... represented Meritplan [ ] in an action to revoke debtors' discharge[,] which was tried before this Court on February 15, 1994, with the result that the Court revoked debtors' discharge on grounds of fraud pursuant to the provision of 11 U.S.C. § 727(d). As a result of pretrial investigation and discovery, and the trial itself, Kenney, Burd & Markowitz is in a position to efficiently handle the contemplated litigation based upon the information it has previously uncovered.

L.Ed.2d 435 (1990), *reh'g denied,* 498 U.S. 1075, 111 S.Ct. 805, 112 L.Ed.2d 865 (1991); *Baldwin,* 466 U.S. at 151–52, 104 S.Ct. at 1725–26; *Scholar,* 963 F.2d at 268. Even more applicable to this case is the Supreme Court's admonition that "the principles of equitable tolling [ ] do not extend to what is at best a garden variety claim of excusable neglect."[10] *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458.

Assuming he were to succeed on his equitable tolling argument, the trustee further contends that his failure to name the transferees as defendants in the complaint is not fatal to his claim because leave to amend is freely granted under FED.R.CIV.P. 15(a). We need not consider this argument because our decision to affirm the bankruptcy court's dismissal of the complaint leaves nothing for the trustee to amend.

## B. *The Trustee's Motion for Reconsideration* [11]

The trustee timely filed a combined FED. R.CIV.P. 59(e)[12] motion to alter or amend judgment and FED.R.CIV.P. 60(b)(1)[13] motion for reconsideration of the order dismissing his complaint. In a written memorandum, the bankruptcy court denied this motion without hearing.

According to the trustee's notice of appeal[14], he appeals the bankruptcy court's order denying his motion for reconsideration of the order dismissing his complaint. From the trustee's opening brief, however, this is not obvious. The trustee does not address the order denying his FED. R.CIV.P. 60(b)(1) motion for reconsideration until his reply brief, and reply briefs are not an appropriate forum for raising issues or

new arguments on appeal. *Eberle v. City of Anaheim,* 901 F.2d 814, 817–18 (9th Cir. 1990). Fortunately for the trustee, however, we have discretion to consider his arguments concerning the 60(b)(1) motion because the appellees raised this issue in their opening brief. *Id.* (citing *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1332 (9th Cir. 1991)). The 59(e) motion was never briefed by either party and, therefore, we deem it waived. *Eberle,* 901 F.2d at 818.

The trustee first argues that the bankruptcy court never entered an order on his FED. R.CIV.P. 60(b)(1) motion and, therefore, the Panel should not apply an abuse of discretion standard in reviewing this motion. Assuming the bankruptcy court did not enter an order on the trustee's FED.R.CIV.P. 60(b)(1) motion, this does not, as the trustee suggests, give us the authority to conduct a *de novo* review. To the contrary, in the absence of an underlying order from the bankruptcy court disposing of the motion, we do not have jurisdiction over this appeal.

In any case, we are unpersuaded that there is no order denying the trustee's request for reconsideration under FED.R.CIV.P. 60(b)(1). It is obvious from the bankruptcy court's memorandum that it thoroughly considered the trustee's FED.R.CIV.P. 59(e) and 60(b)(1) arguments and that the order denying reconsideration applies to each ground for reconsideration that was raised by the trustee.

Alternatively, the trustee contends that if the bankruptcy court ruled on his FED.R.CIV.P. 60(b)(1) motion, then the bankruptcy court abused its discretion in denying his request for reconsideration for mistake, inadvertence or excusable neglect. After reading the bankruptcy court's memoran-

---

**10.** While the bankruptcy court did not specifically find that KB & M had been negligent, missing the deadline for filing a complaint is by definition neglecting to follow proper procedure. In addition, the trustee's motion for reconsideration was in part based upon FED.R.CIV.P. 60(b)(1), i.e., upon mistake or excusable neglect.

**11.** The trustee filed two separate appeals which we heard as related appeals. The first appeal was from the order dismissing his complaint. The second appeal was from the order denying reconsideration of that order. Oddly, the trustee

filed two identical opening briefs which did not discuss the order denying reconsideration.

**12.** FED.R.CIV P. 59 is made applicable to bankruptcy proceedings through Rule 9023.

**13.** FED.R.CIV.P. 60 is made applicable to bankruptcy proceedings through Rule 9024.

**14.** Here, we refer to the notice of appeal filed on October 16, 1995. On October 12, 1995, the debtor filed a separate notice of appeal of the order dismissing his complaint.

dum, we disagree. The bankruptcy court's memorandum discussed the significant impact that losing this cause of action could have on the estate, as well as the impact on KB & M for having missed the statute of limitations. The bankruptcy court concluded, however, that based upon the time remaining for the trustee to file the complaint after learning about the fraud, and KB & M's professed familiarity with the case, the equities did not favor relief from the order dismissing the complaint. We are persuaded that the bankruptcy court adequately considered the trustee's claim of excusable neglect and did not abuse its discretion in denying the trustee's motion for reconsideration.

## V. CONCLUSION

The trustee's failure to file his complaint within two years after his appointment resulted in the claim being barred under § 546(a)(1). The bankruptcy court did not abuse its discretion in declining to apply the doctrine of equitable tolling. Further, the bankruptcy court did not abuse its discretion in denying the trustee's motion for reconsideration. Accordingly, we AFFIRM.