Jean E. **JONKER**, Plaintiff,

v.

Paul **KELLEY**, et al., **Defendants.**

No. CIV.A.02–30032–MAP.

United States District Court, D. Massachusetts.

June 18, 2003.

Terrence M. Dunphy, Fallon & Sullivan, Springfield, MA, for Jean E. Jonker.

Douglas I. Louison, Merrick, James W. Simpson, Jr., Merrick, Louison & Costello, Boston, MA, for Framingham, Town of, George King, Jr., Paul M. Kelley, Steven B. Carl.

*ORDER REGARDING REPORT AND RECOMMENDATION WITH RE-GARD TO DEFENDANTS' MO-TION TO DISMISS*

(Docket No. 2)

PONSOR, District Judge.

Upon *de novo* review, the Report and Recommendation of Magistrate Judge Kenneth P. Neiman dated May 15, 2003 is hereby adopted, without objection. The defendants' Motion to Dismiss (Docket No. 2) is hereby ALLOWED. The file is ordered closed.

It is So Ordered.

*REPORT AND RECOMMENDATION WITH REGARD TO DEFEN-DANTS' MOTION TO DISMISS (Document No. 2)*

NEIMAN, United States Magistrate Judge.

In this action brought pursuant to 42 U.S.C. § 1983 ("section 1983"), Jean Jonker ("Plaintiff") alleges that Detective Paul Kelley of the Framingham Police Department ("Kelley") and other municipal actors (collectively "Defendants") violated her constitutional rights and committed state-law conversion when they caused her vehicle to be illegally seized on July 18, 1998. Defendants' statute of limitations-based motion to dismiss, brought under Fed. R.Civ.P. 12(b)(6), has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the court will recommend that Defendants' motion be allowed.

I. *STANDARD OF REVIEW*

In determining whether to dismiss a complaint pursuant to Rule 12(b)(6) for failing to state a claim upon which relief may be granted, the court must accept the factual averments in the complaint as true, "extending ... every reasonable inference in [the plaintiff's] favor." *Coyne v. City of Somerville*, 972 F.2d 440, 443 (1st Cir. 1992). The complaint may be dismissed if the plaintiff cannot prove, beyond a doubt, that facts supporting her claims entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Roeder v. Alpha Indus., Inc.*, 814 F.2d 22, 25 (1st Cir.1987).

## II. Background

The complaint, filed on February 26, 2002, alleges the following facts with respect to the seizure of Plaintiff's vehicle on July 18, 1998:

7. On January 17, 1998 ..., a 1994 Chrysler ... was towed from the parking lot of the Holyoke Mall ... by [a] towing service per order of the Holyoke Police Department....

8. On April 24, 1998[,] the ... vehicle was sold to Plaintiff ... at auction ....

9. On May 8, 1998, Plaintiff ... sought and was subsequently issued [a][t]itle ... for the [vehicle] ....

10. On a subsequent date preceding July 14, 1998, ... Kelley[,suspecting the vehicle was stolen,] traveled to Holyoke, Massachusetts to inspect the ... vehicle ... with the assistance of the Holyoke Police Department.

11. On or about July 18, 1998[,] Detective Moriarty of the Holyoke Police Department inspected the vehicle and found that the vehicle identification number [ ("VIN") ] of the vehicle reported stolen was different from the [VIN on] Plaintiff's vehicle.

12. The Holyoke Police Department further informed ... Kelley that Plaintiff['s] ... vehicle appeared to be appropriately titled (a copy of [the title] was provided to ... Kelley) and not the subject of the stolen car report.

13. Despite the result of his inspection, ... Kelley requested the Holyoke Police Department to seize Plaintiff['s] vehicle[;] the Holyoke Police Department refused this request.

14. On or about July 18, 1998, ... Plaintiff reported to work at the Department of Education, Malden, Massachusetts[,] on assignment for her employer, the Holyoke Public Schools, and parked her vehicle in a private parking lot directly behind the Department of Education building in Malden, Massachusetts.

15. ... Kelley ..., on or about that same date, caused Plaintiff['s vehicle], along with its contents, to be taken from the parking lot, with the knowledge and assistance of the Malden Police Department.

16. ... Kelley reported the ... vehicle stolen and, with the assistance of the Malden Police Department, seized the vehicle without probable cause to believe that said property ... was lawfully subject to seizure.... Kelley and the Malden Police Department acted without the authority of a warrant or other judicial mandate.

(Complaint ¶¶ 7–16.) The complaint is brought pursuant to section 1983 and contains three causes of action, namely, that Defendants (1) "deprived [Plaintiff] of the possession and use of her property without due process of law," (2) "violated [her] right to be free from unreasonable seizure of her property," and (3) committed "the tort of conversion under Massachusetts law." (*Id.* ¶¶ 23–25.)

In due course, Defendants filed the instant motion to dismiss. At oral argument, when it appeared that an out-of-court resolution of this matter might be possible, the court gave the parties a period of time to report (via Plaintiff's attorney) whether settlement discussions had succeeded or not. Just prior to the deadline, Plaintiff's attorney submitted a "supplemental" memorandum of law. (Document No. 11.) Then, two weeks later, he filed a letter informing the court that the parties had "been unable to settle the ... matter" and, therefore, that "[t]he pending motion will need to be resolved by the court." (Document No. 12.)

## III. Discussion

Defendants argue that the instant action, filed over three and one-half years

after the seizure of Plaintiff's vehicle on July 18, 1998, is barred by one or more statutes of limitation. The court, in essence, agrees.

■ As Defendants observe, the Supreme Court directs federal courts considering civil rights claims under section 1983 to borrow personal injury limitations periods from state law. *See Wilson v. Garcia,* 471 U.S. 261, 276–80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Street v. Vose,* 936 F.2d 38, 39 (1st Cir.1991). Accordingly, Defendants assert, the court should apply to this section 1983 case Massachusetts' three-year limitations period for personal injury actions outlined in Mass. Gen. L. ch. 260, § 2A. As for Plaintiff's conversion cause of action, Defendants continue, that claim is also governed by another three-year limitations period, *see* Mass. Gen. L. ch. 260, § 4, as would be any claim alleging a violation of the Massachusetts Civil Rights Act, *see* Mass. Gen. L. ch. 260, § 5B.

Plaintiff does not object to the application of the preceding three-year limitations periods. Rather, she argues in a single sentence of her opposition memorandum, ostensibly backed up by appended documents, that her causes of action did not accrue—i.e., the statutory clocks did not begin to run—until October 27, 1999, the date she purportedly "cleared title" to the subject vehicle. (Document No. 4 ("Plaintiff's Brief") at 4.)[1] Plaintiff makes additional arguments in her supplemental brief. Unfortunately for her cause, however, the court believes that she cannot avoid the three-year statutory bar.

First, Plaintiff is confronted with a significant procedural hurdle, i.e., the general inability of the court to look beyond the four corner's of the complaint in resolving Defendants' Rule 12(b)(6) motion to dismiss. Plaintiff's complaint says nothing about "clearing title" or, indeed, that anything occurred after July 18, 1998. Rather, as indicated, Plaintiff attempts to bring in the October 27, 1999 date through the documents appended to her opposition memorandum and her supplemental brief, the latter of which was filed without "leave of court." *See* Rule 7.1(B)(3) of the Local Rules of the United States District Court for the District of Massachusetts.

■ As Plaintiff is no doubt aware, it is generally inappropriate in a Rule 12(b)(6) context to consider materials outside the complaint. *See Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993). Granted, there is a "narrow" exception to the complaint-only rule, *see Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir.2001) ("In ruling on a [Rule 12(b)(6)] motion to dismiss, . . . [while,] [o]rdinarily, a court may not consider any documents that are outside of the complaint[,] . . . [t]here is . . . a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs claim; or for documents sufficiently referred to in the complaint.") (citations and internal quotation marks omitted), but Plaintiff fails to articulate how that exception applies here.

Second, even assuming Plaintiff can overcome this procedural obstacle, her substantive argument is deficient. In es-

---

1. According to Plaintiff's documents, on March 24, 1999, eight months after the seizure, the Registry of Motor Vehicles ("RMV") scheduled a hearing to determine the vehicle's true owner and, thereafter, ordered Plaintiff to return the "title" she held. Al-

though Plaintiff complied, she appealed the order to the office of Consumer Affairs and Business Regulation which, on October 27, 1999, modified the RMV's ruling and ordered it to issue Plaintiff a certificate of title. (Plaintiff's Brief, Exhibits A–F.)

sence, Plaintiff argues that the court should simply infer from the documents she attaches to her brief that her causes of action accrued on the date she "cleared title" (October 27, 1999), not on the more obvious date of "seizure" (July 18, 1998). Unfortunately, her opposition memorandum cites no case law supporting this approach. Nor does Plaintiff attempt to analyze the nettlesome issue of accrual in the section 1983 context. *See* Karen M. Blum & Kathryn R. Urbonya, *Section 1983 Litigation* at 96 (Federal Judicial Center 1998) (describing question of section 1983 accrual as a "complex ... federal issue"). This failure alone is reason enough to reject her position. *See United States v. Ramirez–Rivera*, 241 F.3d 37, 40 (1st Cir.2001) ("Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out his arguments squarely and distinctly, or else forever hold his peace.") (citations and internal quotation marks omitted).

■ More importantly, however, the court's own research has found no support for Plaintiff's accrual argument. Judges confronting section 1983 actions "must consult federal law in order to fix the point in time from which the limitations period begins to accrue." *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir.1994). In assessing the applicable date, the Supreme Court "takes a hard line on when civil rights claims for relief accrue. If there is more than one plausible alternative, the Supreme Court appears to be strongly inclined to pick the earlier

date." Martin A. Schwartz & John E. Kirklin, 1C *Section 1983 Litigation: Claims & Defenses*, § 12.14 at 13 (3d ed.1997). *See, e.g., Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (holding, in discrimination context, that court should assess accrual from date employer first notifies employee of adverse decision, not subsequent date of dismissal). In the First Circuit, this means that "a section 1983 claim accrues at the moment the plaintiff knows, or has reason to know, of the injury that is the basis for the claim." *Nieves v. McSweeney*, 241 F.3d 46, 52 (1st Cir.2001). Here, in the court's estimation, that moment had to have been on July 18, 1998, when Plaintiff realized that her car had been seized. Any other date would belie common sense.[2]

■ Third, the court finds wanting an "equitable tolling" argument lurking in Plaintiff's supplemental brief. (Document No. 11 at 2–3.) Most courts, including the First Circuit, have taken a narrow view of the equitable tolling doctrine. *See, e.g., Jensen v. Frank*, 912 F.2d 517, 521 (1st Cir.1990). According to the Supreme Court:

Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less for-

**2.** To be sure, in at least one jurisdiction, "a § 1983 action alleging illegal ... seizure of evidence upon which *criminal charges* are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned." *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir.2000) (emphasis added). *But see Brooks v. City of Winston–Salem*, 85 F.3d 178, 183 (4th Cir.

1996) (discussing "general rule" of immediate accrual); *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (holding that section 1983 "seizure" claim accrued at time of alleged police misconduct since plaintiff failed to show he did not know of his alleged injuries then). This case, however, does not involve any criminal charges.

giving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (citations and footnote omitted). Further, it is the plaintiff's burden to prove that tolling is warranted. *Rivera–Gomez v. de Castro*, 900 F.2d 1, 3 (1st Cir.1990). In the instant action, however, Plaintiff has failed to sustain that burden. Her case does not involve a "defective pleading" and there is no allegation that Defendants somehow induced or tricked her into missing the filing deadline.

Finally, the court rejects the argument made in Plaintiff's supplemental brief that she delayed filing because she "lacked standing" to sue for conversion until title to the vehicle was returned. None of the cases Plaintiff cites for this proposition has anything to do with limitations issues. Moreover, her lead case, *Mancuso v. Gen. Motors Acceptance Corp.*, 1993 Mass.App. Div. 136, 1993 WL 223837 (June 21, 1993), actually supports Defendants' position. In *Mancuso*, the court found that a plaintiff whose vehicle "was wrongfully repossessed" had standing to pursue a claim for conversion since he needed to show only that his "interest in the property [was] impaired by the defendant's tortious act ... even though at the time of the tort, he did not have the right to immediate possession." *Id.* at 136 (citation and internal quotation marks omitted). The touchstone was whether the plaintiff's "ownership or security interest [had been] harmed." *Id.* (citation and internal quotation marks

omitted). That standard, assuming it applies here, has been met; Plaintiff allegedly maintained an ownership interest in the vehicle which was harmed by Defendants' conduct. *Compare also Handy v. C.I.T. Corp.*, 291 Mass. 157, 197 N.E. 64, 68 (1935) (Plaintiff's second lead case in which the defendant's repossession and refusal to deliver up possession of an automobile paid for by the plaintiffs constituted a conversion under Massachusetts law). Moreover, as a practical matter, Plaintiff still had nearly twenty-one months to file suit once she had "cleared title."

The court does not condone Kelley's Ahabian pursuit of Plaintiff's 1994 Chrysler to all corners of the state. Nonetheless, it believes that this straightforward action cannot survive. Plaintiff knew of her injuries, and consequently her causes of action accrued, on the date her vehicle was seized, July 18, 1998. As a result, her complaint, filed on February 26, 2002, is barred by the applicable three-year statutes of limitation.[3]

### IV. CONCLUSION

For the foregoing reasons, the court recommends that Defendants' motion to dismiss be ALLOWED.[4]

DATED: May 15, 2003.

---

3. As such, it is unnecessary to address Defendants' alternative argument that the Town of Framingham is immune from liability for conversion pursuant to Mass. Gen. L. ch. 258, § 10(c).

4. The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to

Edwin Gonzalez ("Gonzalez") moves to remand the instant action to the Hampden which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn,* 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.