In re HOOPAI, Debtor. Bk. No. 04–02511 (Ch. 13)

James Pelosi and Marcelle Loren, Co–Trustees of the Maluhia Trust, Appellants,

v.

Lehua Hoopai, Appellee.

Nos. 05–00186 DAE–KSC, 05–00187 HG–BMK.

United States District Court, D. Hawai'i.

Oct. 14, 2005.

Andrew D. Smith, Tina Leah Colman, Troy T. Fukuhara, Alston Hunt Floyd & Ing, Honolulu, HI, Shelby Anne Floyd, Alston Hunt Floyd & Ing, Kailua–Kona, HI, for James Pelosi Co–Trustee of the Maluhia Trust receiver Maluhia Trust, The, Marcelle Loren Co–Trustee of the Maluhia Trust receiver Maluhia Trust, The, Appellants.

Bradley R. Tamm, Lissa D. Shults, Honolulu, HI, Sally Ann Kimura, Kamuela, HI, for Lehua Hoopai Debtor in USBC Case No. 04–02511 (Chapter 11), Appellee.

*ORDER DENYING APPELLEE'S MOTION TO STRIKE*

DAVID ALAN EZRA, Chief District Judge.

Pursuant to Federal Rule of Bankruptcy Procedure 8011(c), the Court finds this matter suitable for disposition without oral argument. After reviewing Appellee's mo-

tion and the supporting and opposing memoranda, the Court DENIES Appellee's Motion to Strike.

## BACKGROUND

On or about December 22, 1998, Appellee Lehua Hoopai ("Appellee") obtained a loan from Island Community Lending Corporation in the principal amount of $97,137.00. The loan was evidenced by a note dated December 22, 1998. The note was secured by a mortgage dated December 22, 1998, which encumbered real property located at 66–1253 Ahuli Circle, Kamuela, Hawaii. On December 22, 1998, Island Community Lending Corporation assigned the note and mortgage to Countrywide Home Loans, Inc. ("Countrywide"). Both the mortgage and the assignment were duly recorded.

Appellee failed to make timely payments under the terms of the note and Countrywide initiated non-judicial foreclosure proceedings pursuant to Hawaii Revised Statutes §§ 667–5 through 667–10. Appellee does not deny that the note and mortgage were valid and enforceable, nor does she deny that Countrywide complied with all applicable requirements to collect the debt and foreclose the mortgage.

The foreclosure auction was originally scheduled for April 23, 2004. However, on April 23, 2004, Appellee filed a Chapter 11 bankruptcy proceeding, which, pursuant to the automatic stay provision of 11 U.S.C. § 362, postponed the auction. On September 8, 2004, the Chapter 11 proceeding was dismissed. The dismissal terminated the automatic stay, allowing Countrywide to reschedule the auction for October 15, 2004.

Unbeknownst to Countrywide, Appellee was in the process of trying to sell the property to Anna Fern White, who was the mother of Appellee's current tenant. Appellee signed a Deposit Receipt Offer and Acceptance with White on September 21, 2004. Countrywide had posted a Notice of Intent to Foreclose on the Property. Neither Appellee nor White appeared at the auction.

The auction was held as scheduled on October 15, 2004. The highest bid, $159,000.00, was made by Appellants James Pelosi and Marcelle Loren as Co–Trustees of the Maluhia Trust ("Appellants"). Appellants paid the full purchase price immediately following the auction.

On October 18, 2004, Appellee commenced a Chapter 13 bankruptcy proceeding, thereby invoking the automatic stay pursuant to 11 U.S.C. § 362. Countrywide immediately filed a Motion for Order Terminating the Automatic Stay so that it could record the affidavit required by Hawaii Revised Statute § 667–5 to complete the foreclosure process. Appellants joined in the motion.

On November 10, 2004, the bankruptcy court entered a stipulated order, which modified the automatic stay for the limited purpose of allowing Countrywide to file the required affidavit. The stipulated order was filed without prejudice to Appellee and without conferring any rights upon any of the parties. The stipulated order was also subject to any finding or rulings made subsequently by the bankruptcy court concerning the effect, if any, of the auction.

By order dated January 19, 2005, the bankruptcy court denied Countrywide's Motion for Order Terminating the Automatic Stay finding, *inter alia*, that the Property was property of Appellee's bankruptcy estate. Appellants filed a Notice of Appeal on January 28, 2005.

On December 10, 2004, Appellee filed a Motion for Approval to Sell Real Property, which was granted on February 2, 2005. Appellants filed a Notice of Appeal on February 6, 2005.

On May 6, 2005, Appellants filed an Opening Brief. On May 20, 2005, Appellees filed an Answering Brief. On May 31, 2005, Appellants filed a Reply Brief. On June 8, 2005, Appellee filed a Motion to Strike portions of Appellants' Reply Brief. Appellants filed an Opposition on June 17, 2005. On June 23, 2005, Appellee filed a Reply.

## STANDARD OF REVIEW

The standard of review of a motion to strike is provided for by Federal Rule of Bankruptcy Procedure 8011. Under Rule 8011(a), "[a] request for an order or other relief shall be made by filing with the clerk of the district court . . . a motion for such order or relief with proof of service on all other parties to the appeal." Fed. R. Bankr.P. 8011(a). Under Rule 8011(c), "[a]ll motions will be decided without oral argument unless the court orders otherwise." Fed. R. Bankr.P. 8011(c).

## DISCUSSION

Appellee filed a Motion to Strike portions of Appellants' Reply Brief on the grounds that Appellants raised four arguments in their Reply Brief that they did not raise in their Opening Brief. The allegedly new arguments asserted that: (1) the bankruptcy court erred in granting Appellee's Motion for Approval to Sell Real Property because Appellants are entitled to specific performance on its contract with Countrywide; (2) the bankruptcy court erred in denying Countrywide's Motion for Order Terminating the Automatic Stay; (3) the statutory requirement for Countrywide to file a compliance affidavit pursuant to Hawaii Revised Statute § 667–5 was not a condition precedent to its contract with Countrywide; and (4) the statutory requirement for Countrywide to file a compliance affidavit pursuant to Hawaii Revised Statute § 667–5 was not a condition subsequent to its contract with Countrywide. (Appellee Mot. to Strike at 2–4.) Appellants claim that the arguments were in fact raised in their Opening Brief as well as in the case below.

 The Court finds that the arguments were not raised for the first time in Appellants' Reply Brief. A court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's *opening brief.*" *Laboa v. Calderon,* 224 F.3d 972, 980 n. 6 (9th Cir.2000) (emphasis added) (quoting *Int'l Union of Bricklayers Local Number 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir. 1985)). To ensure that cases are decided on the merits, however, the Ninth Circuit has recognized three main exceptions to this general rule. *United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992). A court will review an issue not presented in the opening brief where: (1) failure to do so would result in manifest injustice, (2) failure to do so would not prejudice the defense of the opposing party, or (3) the issue was raised in the appellee's answering brief. *Id.* The exceptions are irrelevant here, however, because the Court finds that Appellants raised all of the contended arguments in their Opening Brief.

 The Court notes, however, that Appellants' claim that the contended arguments were raised in the case below is to no avail. Arguments will not be considered on appeal simply because they were raised in the case below; rather the appellant must re-raise the arguments in their opening brief. *See In re Hosseinpour–Esfahani,* 198 B.R. 574 (9th Cir.BAP 1996). In *In re Hosseinpour–Esfahani,* a trustee filed a complaint with a bankruptcy court to set aside fraudulent transfers and obligations and to extinguish liens. *Id.* at 576. The complaint, however, was filed beyond the applicable statute of limitations. *Id.* The bankruptcy court declined to apply the doctrine of equitable tolling and thus, dismissed the trustee's complaint as time barred. The trustee filed a Feder-

al Rule of Civil Procedure 60(b)(1) motion for reconsideration, which was denied by the bankruptcy court. *Id.* at 580. According to the Notice of Appeal, the trustee sought to appeal the bankruptcy court's order denying his motion for reconsideration. *Id.*

However, the trustee did not address the order denying his motion for reconsideration in his opening brief; rather, he only addressed the order in his reply brief. *Id.* Although it was raised in the case below, the bankruptcy appellate panel only considered the trustee's motion for reconsideration because the appellee addressed the motion in its answering brief. By doing so, the appellees invoked one of the exceptions to the general rule. *Id.* Therefore, had Appellants in the instant case only raised the contended arguments in the case below, and not again in their Opening Brief, this Court would not have considered those arguments unless one of the exceptions applied.

One of the primary arguments made in Appellants' Opening Brief is that Appellee did not have any interest in the property when she filed for bankruptcy and that therefore, the property was not part of Appellee's bankruptcy estate. Appellants first argue regarding the formation of a contract for the sale of the property:

> In ruling that Hoopai (Appellee) had an interest in the Property when she filed for bankruptcy, the Bankruptcy Court overlooked the significance of Countrywide's acceptance of the Trust's (Appellants') bid and the Trust's (Appellants') payment in full of the purchase price.... [I]n non-judicial foreclosures, acceptance of the highest bid at the fall of the hammer gives rise to a contract that binds the seller to sell and the buyer to buy the property.

(Appellants' Opening Br. at 9.)

Appellants then go on to raise the argument that, because they had a contract for the sale of the property and because they performed their end of the bargain, they are entitled to specific performance. The Opening Brief reads:

> The Trust (Appellants) has fully performed all of its obligations required by its agreement with Countrywide: full payment was tendered and accepted by Countrywide as Hoopai's (Appellee's) duly appointed and authorized agent. Yet, title to the Property has not yet been delivered. As a result of the failure to deliver title, the agreement has been breached and the Trust (Appellants) is entitled to specific performance.... Accordingly, as the Trust (Appellants) has an enforceable interest in the Property, the Bankruptcy Court erred in ruling otherwise.

*Id.* at 12–13. It is clear to the Court that Appellants were arguing that they were entitled to the property via specific performance and that the bankruptcy court therefore erred in granting Appellee's Motion for Approval to Sell Real Property. Therefore, Appellee's claim that Appellants failed to make this argument in their Opening Brief fails.

Additionally, Appellants argue in their Opening Brief that the bankruptcy court erred in denying Countrywide's Motion for Order Terminating the Automatic Stay by arguing that the property was not part of the bankruptcy estate. Appellants argue that "[s]tate law determines whether the debtor's interests in property being foreclosed on is part of the bankruptcy estate, and, therefore, subject to the automatic stay." (Appellants' Opening Br. at 9.) By arguing that Appellee did not have any interest in the property when she filed for bankruptcy and that therefore, the property was not part of Appellee's bankruptcy estate, *see id.* at 8–13, Appellants also argued that the bankruptcy court erred in denying Countrywide's Motion for Order

Terminating the Automatic Stay. Therefore, Appellee's claim that Appellants failed to raise this argument in their Opening Brief fails.

Appellants also discuss in their Opening Brief for several pages the import and effect of filing the compliance affidavit. For example, Appellants argue that precedent indicates that "the operative act that extinguishes the debtor's equity of redemption is the creation of a contract for the sale of the property and not any act of recordation or the delivery of any conveyance document." (Appellants' Opening Br. at 14.) Appellants also argue that: "[i]n ruling that a non-judicial foreclosure sale is not completed until the mortgagee's compliance affidavit is recorded, the Bankruptcy Judge erroneously equated the 'foreclosure sale' with the foreclosure 'process.' ... Clearly, the sale is deemed completed prior to the recordation of the compliance affidavit." *Id.* at 17.

It is true that Appellants did not use the legal terms "condition precedent" and "condition subsequent" in their Opening Brief. Nevertheless, Appellants did argue that filing the compliance affidavit was not necessary (i.e. neither a condition precedent nor a condition subsequent) to create a binding contract for the sale of the property. *See id.* at 17–22. Furthermore, based on the quotations cited above, Appellants also argued that the bankruptcy judge erred in concluding otherwise. Therefore, Appellee's claim that Appellants failed to make these arguments in their Opening Brief fails.

### CONCLUSION

For the reasons stated above, the Court DENIES Appellee's Motion to Strike.

IT IS SO ORDERED.