Noreen WISCOVITCH–RENTAS,
Appellant,

v.

SUPER ROOF & GENERAL
CONTRACTOR,
Appellee.

Civil No. 08–2272 (DRD).
Bankruptcy No. 04–04781 (GAC).
Adv. Proc. No. 07–218.

United States District Court,
D. Puerto Rico.

May 11, 2009.

Rafael A. Gonzalez-Valiente, Latimer, Biaggi, Radchid & Godreau, San Juan, PR, for Appellant.

Manuel E. Fuster, Martinez Law Office, Guayama, PR, for Appellee.

## OPINION AND ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

Pending before the Court is an appeal from a *Decision and Order* entered on October 8, 2008 by the Bankruptcy Court (Bankruptcy Case No. 04–04781, Adv. Proc. No. 07–218, Docket No. 27) [1], dismissing several adversary proceedings filed by Noreen Wiscovitch–Rentas, Appointed Chapter 7 Trustee of debtor Maxon Engineering Services, Inc. ("Trustee") (Docket No. 1). For the reasons set forth below, the instant appeal is dismissed.

### Jurisdiction

This Court has jurisdiction to entertain bankruptcy appeals pursuant to 28 U.S.C. § 158(a)(1).

### Standard of Review

 On appeal, the district court reviews rulings of law *de novo* and findings of fact for clear error. *Prebor v. Collins (In re I Don't Trust)* 143 F.3d 1, 3 (1st Cir.1998); *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir.1995). "Under an abuse of discretion standard, a reviewing court cannot reverse unless it has a 'definite and firm conviction that the court below committed a clear error of judgment' in the conclusion it reached upon a weighing of the relevant factors." *Taylor v. Hosseinpor–Esfahani (In re Hosseinpour–Esfahani),* 198 B.R. 574, 577 (9th Cir. BAP 1996), citing *Marchand v. Mercy Medical Ctr.,* 22 F.3d 933, 936 (9th Cir.1994).

### Issue

The question before the Court is twofold: (a) whether the bankruptcy court erred when finding that the avoidance actions filed by the Trustee for alleged prepetition transfers are time-barred; and (b) whether the bankruptcy court abused its discretion by refusing to apply the equitable tolling doctrine to the statute of limitations provided by 11 U.S.C. § 546(a).

### Factual and Procedural Background

The record of the bankruptcy court shows that, on May 4, 2004, Maxon Engineering Services, Inc. ("Maxon" or debtor) filed for voluntary relief under Chapter 11 of the Bankruptcy Code. On May 24, 2004, Maxon duly filed its schedules and statement of financial affairs, including the prepetition payments made within ninety (90) days prior to bankruptcy. *See* Bankruptcy Case No. 04–04781, Docket No. 40 at 114–135. The debtor's chapter 11 case was voluntarily converted to chapter 7 debtor on June 13, 2006, and the Trustee was appointed on June 14, 2006. *See* Bankruptcy Case No. 04–04781, Docket entries No. 1001 and 1003.

On June 11, 2007, the Trustee filed an action under 11 U.S.C. § 547 to recover an alleged preference pre-petition transfer to Super Roof & General Contractor ("Super Roof"), a debtor's vendor, Adv. Proc. 07–218(GAC).[2] On October 8, 2008, the bank-

---

**1.** *In re Maxon Engineering Services, Inc. v. Alex Hornedo Robles & Assoc., et al.,* 397 B.R. 228 (Bankr.D.P.R.2008).

**2.** The Court notes that the Trustee filed several adversary proceedings on the same date to avoid alleged pre-petition preference transfers. *See* Bankruptcy Case No. 04–04781,

ruptcy court dismissed the complaint filed by the Trustee on the grounds that the action was time-barred, pursuant to 11 U.S.C. § 546(a). *See* Bankruptcy Case No. 04–04781, Adv. Proc. No. 07–218, Docket No. 27, and Judgment was entered on October 29, 2008, Docket No. 34. An appeal was taken on October 20, 2008. *See* Bankruptcy Case No. 04–04781, Adv. Proc. No. 07–216, Docket No. 30.

The bankruptcy court dismissed Adv. Proc. No. 07–218(GAC) on the grounds that: (a) the action was time barred under the provisions of 11 U.S.C. § 546(a), as the action was filed two years after the order for relief was entered; and, (b) the Trustee was appointed two years after the entry of the order for relief. *See* Bankruptcy Case No. 04–04781, Adv. Proc. No. 07–218, Docket No. 27. The Trustee argued that relief was available, as the statute of limitations provided by 11 U.S.C. § 546(a) was tolled under the doctrine of equitable tolling. Super Roof replied that the Trustee's complaint fails to state that the alleged pre-petition was fraudulent in order to avoid the alleged transfer.

The Trustee's argument, however, failed to persuade the bankruptcy court, who ultimately dismissed the complaint after a thorough and well developed analysis of the applicability of the doctrine of equitable tolling to an action governed by 11 U.S.C. §§ 546(a) and 547. For the reasons set forth below, the Court agrees with the bankruptcy court, and affirms the judgment of the bankruptcy court dismissing Adv. Proc. No. 07–218(GAC).

## Applicable Law and Discussion

Whether the avoidance actions filed by the Trustee for alleged pre-petition transfers are time-barred under the provisions of 11 U.S.C. § 546(a). Section 546(a) provides:

Adv. Proc. No. 07–218, and Appellant's Brief,

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed.

Whether the bankruptcy court abused its discretion by refusing to apply the equitable tolling doctrine to the statute of limitations provided by 11 U.S.C. § 546(a).

The Court will address both issues simultaneously, as they are intertwined.

## Statute of Limitations

 The first issue is clearly addressed by the provisions of 11 U.S.C. § 546(a). As stated above, preference actions are governed by the statute limitations under 11 U.S.C. § 546(a). In the instant case, the Court agrees with the findings of the bankruptcy court, that the Trustee's complaint is time barred "under the strict application of the statute of limitations found in 11 U.S.C. § 546(a)." *See* Bankruptcy Case No. 04–04781, Adv. Proc. No. 07–218, Docket No. 27. According to the record, the Trustee's complaint was "not filed within two years after the entry of the order for relief nor [was filed] within one year after the appointment of the first trustee. Moreover, the appointment of the trustee did not occur within two years after the entry of the order for relief." *See* Bankruptcy Case No. 04–04781, Adv. Proc. No. 07–218, Docket No. 27.

Case No. 08–2272, Docket No. 4 at par. 6.

"As a general rule, statutes of limitations are strictly construed." *Taylor v. Hosseinpour–Esfahani*, 198 B.R. at 577, citing *Scholar v. Pacific Bell*, 963 F.2d 264, 267–68 (9th Cir.), *cert. denied*, 506 U.S. 868, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992). Hence, in the instant case, it clearly stems from the bankruptcy record, that the Trustee's complaint is time barred under 11 U.S.C. § 546(a).[3]

## The Equitable Tolling Doctrine

*Bailey v. Glover*, 21 Wall. 342, 88 U.S. 342, 22 L.Ed. 636 (1874), is the leading case on the equitable tolling doctrine and its applicability to bankruptcy law. The Court held:

It is obviously one of the purposes of the Bankruptcy law, that there should be a speedy disposition of the bankrupt's assets. This is only second in importance to securing equality of distribution. The act is filled with provisions for quick and summary disposal of questions arising in the progress of the case, without regard to usual modes of trial attended by some necessary delay. . . .

To prevent this as much as possible, **Congress has said to the assignee, you shall commence no suit two years two years after the cause of action has accrued to you, nor shall you be harassed by suits when the cause of action has accrued more than two years against you. Within that time the estate ought to be nearly settled up and your functions discharged, and we close the door to all litigation not commenced before it has elapsed.**

. . .

It is quite clear that this statute must be held to apply equally by its own force to courts of equity and to courts of law, and if there be an exception to the universality of its language it must be one which applies under the same state of facts to suits at law as well as to suits in equity. . . . They [principles of statutes of limitation] were enacted to prevent frauds; to prevent parties from asserting rights after the lapse of time had destroyed or impaired the evidence which would show that such rights never existed, or had been satisfied, transferred, or extinguished, if they ever did exist. **To hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent frauds the means by which it is made successful and secure.** And we see no reason why this principle should not be as applicable to suits tried on the common-law side of the court's calendar as to those on the equity side.

[W]e hold that when there has been no negligence or laches on the part of a plaintiff in coming to the knowledge of the fraud which is the foundation of the suit, and when the fraud has been concealed, or is of such character as to conceal itself, the statute does not begin to run until the fraud is discovered by, or becomes known to, the party suing, or those in privity with him. (Emphasis supplied).

88 U.S. at 346–347, 349–350, 21 Wall. 342.

In the instant case, the bankruptcy court, citing *Bailey* in support of the non-applicability of equitable tolling doctrine to the facts of the case at bar held:

---

**3.** In the instant case, the record shows that the debtor filed for voluntary relief under Chapter 11 of the Bankruptcy Code on May 4, 2004, and requested a conversion to Chapter 7 on June 13, 2006. Hence, the instant preference action filed by the Trustee on June 11, 2007 is time barred, pursuant to 11 U.S.C. § 546(a)(1)(A).

The doctrine of equitable tolling was first recognized by the United States Supreme Court in *Bailey v. Glover*, 88 U.S. 342, 21 Wall. 342, 22 L.Ed. 636 (1874). Of relevance here, in *Bailey*, the Supreme Court held that where fraud is concealed by the other party or where because of its nature, the fraud remains secret, the statute of limitations does not commence to run until the fraud is discovered. *Id.* Thus, the essence of the doctrine of equitable tolling is that a statute of limitations does not run against a plaintiff who, through no fault, has no knowledge of the cause of action. The United States Supreme Court subsequently concluded that the equitable tolling doctrine must be read into every federal statute of limitations. *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946).

■ "A court has latitude in granting relief from a strict construction of a statute of limitations and reaches this determination on a case-by-case basis." *Taylor v. Hosseinpour–Esfahani*, 198 B.R. at 577, citing *Scholar*, 963 F.2d at 267–268. *See also Bailey v. Glover*, 88 U.S. 342, 21 Wall. 342, 22 L.Ed. 636 (1874). Hence, when the trustee determines "not [to] invoke the doctrine of equitable tolling" the decision is reviewed under an abuse of discretion standard. *Taylor v. Hosseinpour–Esfahani*, 198 B.R. at 577, citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), *rehearing denied*, 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984), and *Scholar*, 963 F.2d at 267.

■ Further, the doctrine of equitable tolling is to be used sparingly. *See Jorge v. Rumsfeld*, 404 F.3d 556 (1st Cir.2005) (Applicability of the doctrine to Title VII's claims); *Neverson v. Farquharson, et al.*, 366 F.3d 32, 42 (1st Cir.2004) (Applicability of the equitable tolling doctrine habeas

petitions: "To preserve the usefulness of statutes of limitations as rules of law, equitable tolling should be invoked only 'sparingly' " (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)); *Zhang v. Gonzáles*, 2006 WL 2522144, (C.A. 1 (Board of Immigration Appeals), September 1, 2006, No. 05–2460); *Jobe v. I.N.S.*, 238 F.3d 96 (1st Cir.2001) ("Even when it applies, equitable tolling doctrine is a 'sparingly' invoked doctrine" (citing *Irwin*, 498 U.S. at 96, 111 S.Ct. 453)); *Jonker v. Kelley, et al.*, 268 F.Supp.2d 81, 85 (D.Mass., 2003) ("Most courts, including the First Circuit, have taken a narrow view of the equitable tolling doctrine").

■ In the instant case, the bankruptcy court further held:

The case law which states that the doctrine of equitable tolling applies of the concealment is committed by any of the parties, involves egregious conduct directly related to the avoidance action. (Citation omitted). .... On the other hand, other courts have held that the defendant must have participated in the fraud or be the party who actually concealed the fraudulent conduct. (Citations omitted).....

While this Court does not necessarily conclude that the defendant must perpetrate the fraud or wrongful conduct, there must be a nexus between the defendant and the wrongful conduct. In other words, the defendant must have at least been a party to the wrongful conduct. The present adversary proceedings are against third party suppliers that had no connection with the debtor's alleged post-petition fraudulent conduct. The causes of action are against general trade creditors for avoidance of preferences. Accepting the trustee's allegations as true, the defendants were owed money by the debtor prepetition and

paid within the preference period. The defendants received more money than they would have received in a Chapter 7, but there is no allegation of wrongful conduct on their part or that their claims were paid fraudulently. Moreover, the payments made to the debtor's creditors within the preference period, were disclosed in the debtor's schedules. *In re Maxon Engineering Services, Inc. v. Alex Hornedo Robles & Assoc., et al.,* 397 B.R. 228, 230 (Bankr.D.P.R.2008).

The Court totally agrees with the findings and conclusions of law made by the bankruptcy court, as to a lack of cause for the exceptional application of the equitable tolling doctrine since the defendant had not engaged in any deceitful conduct. Furthermore, the record on appeal is devoid of any evidence that shows that defendants/appellees incurred in a fraudulent action by keeping "secret and concealed" from the parties in interest the alleged fraudulent business transactions.

The Court further finds that the bankruptcy court did not abuse its discretion in its findings, as they are well supported in the record, and are not contrary to the precedents. Moreover, the Court has reviewed other opinions issued by my fellow judges of this district on this same subject matter, and hereby joins them. *See Maxon Engineering Services, Inc. v. Municipality of Aibonito,* 397 B.R. 623 (D.P.R. 2008); *Wiscovitch–Rentas v. Plastic Piping Products of Puerto Rico, Inc.,* 2009 WL 393639 (D.P.R. February 11, 2009, Gelpí, J.); *Wiscovitch–Rentas v. Almonte,* 2009 WL 349360 (D.P.R. February 11, 2009, Gelpí, J.).

### A Final Note

The Court finds that the bankruptcy court's *Decision And Order* is well reasoned and strongly supported on legal authorities, thus, this Court has nothing to add. The Court further finds that there being no grounds to reverse, the undersigned affirms the ruling of the bankruptcy court issued by the Bankruptcy Judge Gerardo A. Carlo.

"The Court need not go further for it refuses to write at length to no other end than to hear its own words resonate as to the instances alleged as errors by plaintiff." "Where as here, [the Chief, Bankruptcy Judge] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *See Lawton v. State Mut. Life Assu. Co. Of Am.,* 101 F.3d 218, 220 (1st Cir.1996); *In Re San Juan Dupont Plaza Hotel Fire Litig.,* 989 F.2d 36, 38 (1st Cir.1993).

### Conclusion

In view of the foregoing, the instant appeal is hereby dismissed, and the bankruptcy court judgment is affirmed. Judgment will be entered accordingly.

IT IS SO ORDERED.