**In re Joseph BASHAM and Mary Basham, Debtors.**

**In re Michael BYRNE and Terry Byrne, Debtors.**

**Tom HALE, Appellant,**

v.

**UNITED STATES TRUSTEE, Appellee.**

BAP Nos. ID–96–1107–RRyJ,
ID–96–1115–RRyJ.

Bankruptcy Nos. 95–00570–13, 95–00239–7.

United States Bankruptcy Appellate Panel, Ninth Circuit.

Submitted Without Oral Argument
Jan. 22, 1997.

Decided April 21, 1997.

Tom Hale, Shelley, ID, appellant in pro per.

Gary McClendon, Office of U.S. Trustee, Boise, ID, for U.S. Trustee.

Before: RUSSELL, RYAN, and JONES, Bankruptcy Judges.

### OPINION

RUSSELL, Bankruptcy Judge:

The United States Trustee ("UST") filed motions pursuant to § 329[1] to review and disgorge attorney's fees charged by the debtors' counsel. Prior to the hearing on the UST's motions, counsel filed motions to recuse the presiding bankruptcy judge, which were denied. The bankruptcy court granted the UST's motions and ordered counsel to disgorge all fees received in excess of $100. Counsel filed a motion for reconsideration of the order granting the UST's motions, which was also denied.

Counsel appeals the bankruptcy court's orders which denied the motions to recuse, granted the UST's motions to review and disgorge attorney's fees, and denied the motion for reconsideration. We AFFIRM.

## I.  FACTS

Appellant Tom Hale, a licensed bankruptcy attorney, operates a law clinic where he represents individuals who wish to file chapter 13 and chapter 7 bankruptcy cases *in propria persona.*

Joseph Williams, a law clerk, assists Hale in preparing bankruptcy petitions, schedules, and statements of affairs for Hale's clients. Williams is a former lawyer who has been

---

1.  Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

disbarred by the Idaho Supreme Court and is prohibited from practicing law.[2] Williams does not work out of the same office as Hale and is not a paid employee.[3] Williams works out of a separate office and communicates with Hale by electronic mail and facsimile.

Hale prepared a chapter 13 bankruptcy petition for Joseph and Mary Basham with Williams' assistance. The chapter 13 bankruptcy was filed by the Bashams *in propria persona* on March 6, 1995. Hale and Williams also prepared the Bashams' schedules and the statement of affairs, which were filed on March 21, 1995.

The Bashams' statement of affairs disclosed that Hale had received a payment of $300 from the Bashams. Despite the $300 payment to Hale, however, an attorney compensation disclosure statement was not filed with the schedules and the statement of affairs, as required pursuant to Rule 2016(b).[4] On May 18, 1995, two months after the Bashams filed their bankruptcy petition, Hale filed a compensation disclosure statement.

Hale and Williams also prepared a chapter 7 petition, schedules, and statement of affairs for Michael and Terry Byrne. The statement of affairs indicated that Hale had received a payment of $190 from the Byrnes. The chapter 7 petition, schedules, and statement of affairs were filed by the Byrnes *in propria persona* on February 1, 1995. Hale did not file a compensation disclosure statement with the schedules and the statement of affairs. On July 14, 1995, four months after the Byrnes filed their bankruptcy petition, Hale filed a disclosure statement in their case.

The UST filed motions for order requiring Hale to disgorge the attorney's fees paid to him in both the Bashams' and Byrnes' cases. The hearing on the UST's motions was scheduled for July 19, 1995. Hale did not appear at the hearing and, as a result, the hearing was rescheduled to November 8, 1995. The court consolidated for hearing the fees issue in the Bashams' and Byrnes' cases.

Hale filed affidavits in response to the UST's motions in which he stated that he charges a flat fee of $300 for chapter 13 cases and $190 for chapter 7 cases; that payment of the flat fee in both types of cases covers bankruptcy consultation and preparation of the petition, schedules, and the statement of financial affairs, but does not include the filing of any documents or any appearances in connection with a § 341(a) meeting of creditors or a plan confirmation hearing.

His affidavits further stated that he charges an additional $150 per appearance if a client agrees to continue to be represented by Hale at a § 341(a) meeting or any hearings, and $100 per hour for any additional work not related to the initial consultation and preparation of the petition, schedules, and statement of affairs.

On the morning of the November 8, 1995 hearing, Hale filed motions to recuse the bankruptcy judge from both the Bashams' and Byrnes' cases. The motions to recuse alleged that the bankruptcy judge had a personal bias against Hale and Williams. The motions to recuse were denied.[5]

At the November 8, 1995 hearing, the bankruptcy court also heard testimony from the chapter 7 trustee, L.D. Fitzgerald, and

**2.** *See Matter of Williams*, 126 Idaho 839, 893 P.2d 202, 206–07 (1995) (regarding Williams' disbarment for improper conduct before the United States Bankruptcy Court, District of Idaho).

**3.** Williams' repeated attempts for reinstatement to the State Bar of Idaho were denied by the Idaho Supreme Court. Eventually, however, the Supreme Court granted Williams permission to work in the legal field on the condition that his work be directly supervised by an attorney in good standing with the State Bar of Idaho. In both of the bankruptcy cases from which this appeal arises, Williams worked as a law clerk under the conditions set by the Supreme Court.

**4.** At the initial chapter 13 plan confirmation hearing in the Bashams' case, the bankruptcy court had to remind Hale to file a compensation disclosure statement.

**5.** These motions to recuse filed by Hale on the morning of November 8, 1995 were the fourth and fifth motion to recuse in these cases.

the chapter 13 trustee administrator, Nora Rowe, with respect to the UST's motions concerning numerous problems in the Bashams' and Byrnes' cases. Fitzgerald and Rowe testified that the problems consisted of incomplete and inaccurate schedules, improperly claimed exemptions, an improperly noticed chapter 13 plan confirmation hearing, Hale's failure to keep contemporaneous time records in either case, and Hale's failure to file a notice of appearance in either case.

The bankruptcy court granted the UST's motions and ordered Hale to disgorge $390 of the total fees of $490 paid by the Bashams and Byrnes. The bankruptcy court specifically found that Hale had violated the Bankruptcy Rules of Procedure by his failure to file timely disclosure statements, and that he failed to carry his burden of proof that the fees charged were reasonable.

On November 22, 1995, Hale filed a motion for reconsideration of the order granting the UST's motions. The bankruptcy court denied the motion for reconsideration on the ground that the motion presented no new evidence or arguments that had not already been considered by the bankruptcy court.

## II. ISSUES

A. Whether the bankruptcy court abused its discretion in ordering the disgorgement of Hale's fees.

B. Whether the bankruptcy court abused its discretion in denying Hale's motions to recuse.

C. Whether the bankruptcy court abused its discretion in denying Hale's motion for reconsideration of the order for disgorgement of fees.

---

6. § 329. Debtor's transactions with attorneys
   (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for

## III. STANDARD OF REVIEW

■ We review the bankruptcy court's decision regarding the proper amount of legal fees to be awarded for an abuse of discretion. *In re Park–Helena Corp.,* 63 F.3d 877, 880 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 712, 133 L.Ed.2d 667 (1996). A bankruptcy court's denial of a motion to recuse is reviewed for an abuse of discretion. *In re Goodwin,* 194 B.R. 214, 220 (9th Cir. BAP 1996) (citing *In re American Ready Mix, Inc.,* 14 F.3d 1497, 1500 (10th Cir.1994), *cert. denied,* 513 U.S. 818, 115 S.Ct. 77, 130 L.Ed.2d 31 (1994)). The bankruptcy court's denial of a motion for reconsideration is reviewed for an abuse of discretion. *In re Watson,* 192 B.R. 739, 745 (9th Cir. BAP 1996).

■ A bankruptcy court abuses its discretion if the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment in reaching its conclusion. *In re Hosseinpour–Esfahani,* 198 B.R. 574, 577 (9th Cir.BAP1996).

## IV. DISCUSSION

A. *Whether The Bankruptcy Court Abused Its Discretion In Ordering The Disgorgement Of Hale's Fees*

1. *Section 329 and Rule 2016*

■ Section 329 [6] requires an attorney to disclose the amount of all compensation "paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case...." The disclosure requirements of § 329 are implemented and further specified by Rule 2016(b),[7] which requires a statement

---

services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

7. Rule 2016(b) provides in pertinent part:

   **Rule 2016. Compensation for Services Rendered and Reimbursement of Expenses**

of compensation to be filed within fifteen days after the order of relief.[8]

■ The disclosure requirements imposed by § 329 are mandatory, not permissive, and an attorney who fails to comply with the disclosure requirements *forfeits any right to receive compensation. In re Crayton*, 192 B.R. 970, 981 (9th Cir. BAP 1996) (citing *In re Investment Bankers, Inc.*, 4 F.3d 1556, 1565 (10th Cir.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1061, 127 L.Ed.2d 381 (1994)) (emphasis added). Once the bankruptcy court determines that an attorney has violated § 329 and Rule 2016, the bankruptcy court has the authority to order the attorney to disgorge all of his fees. *See Investment Bankers*, 4 F.3d at 1566.

■ Hale argued in the proceedings below that he fully disclosed his fees by listing the fees paid to him in the Bashams' and Byrnes' statements of affairs. Hale admitted that he did not file disclosure statements pursuant to § 329 and Rule 2016 because he believed disclosure of his fees in the statements of affairs was sufficient and therefore filing such disclosure statements would be "unnecessary and misleading."

The compensation disclosure statements eventually filed by Hale were filed two months after the order for relief in the Bashams' chapter 13 case and four months after the order for relief in the Byrnes' chapter 7 case. The bankruptcy court found that the disclosure statements were not timely filed.

Rule 2016 clearly requires an attorney to file a disclosure statement within 15 days

after the order for relief is entered, or at another time as the court may direct. Rule 2016(b). Hale failed to timely file the disclosure statements. The bankruptcy court was therefore authorized to order the disgorgement of all of Hale's fees. *See Investment Bankers*, 4 F.3d at 1566; *In re Vann*, 136 B.R. 863, 873 (D.Colo.1992), *aff'd*, 986 F.2d 1431 (10th Cir.1993) ("Under abundant case law, noncompliance under Rule 2016(b), even if unintentional or inadvertent, will support the total denial of fees.").

The record must show that the bankruptcy court made a clear error of judgment in order for this Panel to conclude that the bankruptcy court abused its discretion in ordering disgorgement of Hale's fees. *See Hosseinpour–Esfahani*, 198 B.R. at 577. The bankruptcy court could have ordered the disgorgement of all of the fees. Instead of reaching this harsh result, it ordered Hale to disgorge $390 and allowed him to retain $100. We find that the $100 award is appropriate and reasonable in light of Hale's clear violation of § 329 and Rule 2016.

#### 2. *Reasonableness of fees*

Section 329(b) provides in pertinent part:

(b) If such compensation exceeds the reasonable value of any such service, the court may cancel any such agreement, or order the return of any such payment. . . .

■ The standard applied under § 329(b) to determine the reasonable value of fees is set forth in § 330.[9] *Matter of Wiredyne, Inc.*, 3 F.3d 1125, 1128 (7th Cir.1993). The

---

(b) **Disclosure of compensation paid or promised to attorney for debtor**

Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. . . .

8. The purpose of Rule 2016(b) is to give the UST and other interested parties the information needed to determine whether to request a court order that fees be disgorged based on any exces-

sive fees charged by a debtor's attorney under § 329. *See In re Mills*, 170 B.R. 404, 409 (Bankr.D.Ariz.1994).

9. § 330. Compensation of officers

. . . .

(3)(A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking *into* account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at

burden is upon the applicant to demonstrate that the fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983) ("[F]ee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

■ The bankruptcy court specified two reasons why the fees charged by Hale were not reasonable. First, the bankruptcy court had no proof as to who, namely Williams or Hale, prepared the bankruptcy petitions, schedules, and statement of affairs for the Bashams and the Byrnes.[10] Second, Hale failed to sufficiently identify the specific work performed on the Bashams' and Byrnes' cases.

The record indicates that Hale failed to keep contemporaneous time records. Without time records, the bankruptcy court could not determine who prepared the petitions, schedules, and statements of affairs, or determine what services were performed and whether the services were performed at a reasonable rate and within a reasonable amount of time. *See* §§ 330(a)(3)(A), (B), and (D). Absent the opportunity to review Hale's contemporaneous time records, the bankruptcy court could properly deem his fees unreasonable and excessive. *See In re Martin*, 197 B.R. 120, 126 (Bankr.D.Colo. 1996) ("The compensation to be paid to an attorney can be deemed excessive for a host of reasons, including but not limited to an attorney's failure to perform agreed upon services, failure to comply with the disclosure requirements....").

Hale admits that the services performed in the Bashams' and Byrnes' cases solely involved financial counseling and preparation of the petitions, schedules, and statements of affairs. He further admits he did not represent the Bashams and the Byrnes at the § 341(a) meetings because they did not pay the additional fees for his appearance.

Despite the services performed, Fitzgerald and Rowe testified that there were numerous problems with the Bashams' and Byrnes' cases. Specifically, there were incomplete and inaccurate schedules, an inaccurate chapter 13 plan, improperly claimed exemptions, and an improperly noticed plan confirmation hearing.

Based on the record, the bankruptcy court properly found that the $300 charged in the Bashams' case and the $190 charged in the Byrnes' case exceeded the reasonable value of the services provided. *See. e.g., In re Dennis*, 164 B.R. 318, 320 (Bankr.D.Ariz. 1994) (finding that fee agreement must be cancelled because attorney's fees exceeded reasonable value of services). The Bashams and Byrnes deserved to receive competent representation for the payments they made to Hale. By going forward with bankruptcy cases that had the numerous problems described by Fitzgerald and Rowe, the Bashams and Byrnes were put at risk of having their cases dismissed. If their cases had been dismissed, the Bashams and the Byrnes would have had to incur additional costs to file new bankruptcy cases. Further, the bankruptcy court expressed grave concern over Hale's practice of assisting *in propria persona* debtors, such as the Bashams and the Byrnes, by filing their petitions, schedules, and statement of affairs and then leaving them to represent themselves.

In the bankruptcy court's opinion, Hale had an obligation to either handle the cases

---

which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
(E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

10. The following excerpt from the hearing on the UST's motion illustrates the problems regarding the issue of the reasonableness of Hale's fees:

THE COURT: The bottom line is, I'm not convinced that an adequate showing has been made to prove up that the value of the services for the work that's been performed in this case, whatever work that was, by whoever performed it, whenever it was performed, is equal to the fee charged.

from beginning to end and perform the services for whatever amounts the clients could afford, or refer the cases to another attorney. The bankruptcy court indicated that Hale should have never allowed the Bashams and Byrnes to be initially represented and then left to represent themselves.

█ By allowing the Bashams and Byrnes to represent themselves after his initial representation of them, Hale created a situation where he would have no responsibility for the outcome of their cases but could still receive compensation for his services without the bankruptcy court's knowledge. This is exactly the type of abuse the Code addresses by requiring the filing of a compensation disclosure statement pursuant to Rule 2016(b).[11]

The record supports the bankruptcy court's finding that the fees were unreasonable given the lack of contemporaneous time records and the failure to provide competent and complete representation of the Bashams and Byrnes.

B. *Whether The Bankruptcy Court Abused Its Discretion In Denying Hale's Motions To Recuse*

28 U.S.C. § 455 provides in pertinent part:

**§ 455. Disqualification of justice, judge, or magistrate**

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

█ The test for disqualification under § 455(b)(1) is "whether a reasonable person

with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *In re Goodwin*, 194 B.R. 214, 222 (9th Cir. BAP 1996). All evaluations of bias or prejudice under § 455 are made using an objective standard. *Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 1153–54, 127 L.Ed.2d 474 (1994).

An allegation of personal bias must be based on an "extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966).

█ Hale asserts that the bankruptcy judge had a personal bias against Hale's law practice because of Hale's employment of Williams. In *Matter of Williams*, 126 Idaho 839, 893 P.2d 202, 206–07 (1995), the Idaho Supreme Court held that Williams had intentionally failed to appear at both a status conference hearing and a hearing on a motion to dismiss before the bankruptcy court. The bankruptcy judge in these cases presided over both hearings where Williams had intentionally failed to appear.

Hale argues that the bankruptcy judge could not be impartial toward either Williams or Hale and could not be fair in determining the reasonableness of Hale's fees due to the alleged personal bias against Williams.

In the proceedings below, the bankruptcy judge stated:

[W]hile the court has not, in deciding the U.S. Trustee's Motion, presumed that inappropriate conduct occurred in this case, the Court will not, nor should it properly, ignore the facts concerning Mr. Hale's assistant, who admittedly performs the bulk of the services for Hale's clients, in measuring Hale's performance in these cases.

Hale's employment of Williams and the bankruptcy judge's subsequent inquiry into

---

11. The purpose of § 329 and Rule 2016 is to prevent the overreaching of the debtor's attorney in the bankruptcy process. *See* 2 COLLIERS ON

BANKRUPTCY ¶ 329.01 at 329–2 (15th ed.1996); *Martin*, 197 B.R. at 127.

their business relationship does not establish that the judge's prior opinion of Williams rendered fair judgment impossible. Opinions formed by the judge in a prior hearing involving Williams do not constitute a basis for bias or partiality unless it is shown that his opinions would make it impossible for him to render a fair judgment. *See Liteky,* 510 U.S. at 555, 114 S.Ct. at 1157. In this case, fair judgment required the bankruptcy judge to inquire into the extent of Williams' participation as a nonlawyer in the Bashams' and Byrnes' cases in order to adequately measure the reasonableness of the fees requested by Hale.

■ Hale argues in the alternative that the bankruptcy judge cannot be objective and impartial because he is a defendant in a lawsuit brought against him by Hale. This argument completely fails because a judge may not be recused merely on the ground that he is a defendant to a lawsuit based on a prior adverse ruling involving the movant. *United States v. Studley,* 783 F.2d 934, 939–40 (9th Cir.1986).

■ Hale further argues that the bankruptcy judge erred in not recusing himself because he made critical remarks about Hale and Williams. This argument is also without merit because evidence that a judge criticized or was angry with a party is an insufficient ground for recusal. *American Ready Mix,* 14 F.3d at 1501.

Finally, Hale argues that the bankruptcy judge should have recused himself because of a prior ruling by the judge against Williams that was appealed to the Bankruptcy Appellate Panel ("BAP") in 1994 [12] in which the BAP allegedly found the bankruptcy judge to have abused his discretion.

In that case, Williams had filed a complaint in the bankruptcy court against the State Bar of Idaho for allegedly violating the auto-

matic stay by resisting Williams' attempts to be reinstated to the State Bar. The bankruptcy court denied Williams' complaint and Hale appealed the bankruptcy court's decision to the BAP. The BAP affirmed the bankruptcy court's decision in an unpublished memorandum decision.[13]

Contrary to Hale's assertion, the BAP *affirmed* the court's decision to deny Williams' efforts to hold the State Bar of Idaho in contempt. Hale's argument that the bankruptcy judge in these cases is biased because a prior ruling found the judge to have abused his discretion is therefore without merit.

In sum, the facts in the record show that the bankruptcy judge inquired into Williams' conduct only to reach the merits of the case and, specifically, to measure Hale's performance. The inquiry into Williams' conduct was not motivated by a personal bias against Williams or Hale but only by the need to determine whether the fees charged by Hale were reasonable. The bankruptcy court's denial of Hale's motions to recuse was therefore appropriate.

C. *Whether The Bankruptcy Court Abused Its Discretion In Denying Hale's Motion For Reconsideration Of The Order For Disgorgement Of Fees*

■ Federal Rule of Civil Procedure 59(e) [14] governs motions for reconsideration. Reconsideration is appropriate only if one of the following three grounds are present: (1) manifest error of fact, (2) manifest error of law, or (3) newly discovered evidence. *Watson,* 192 B.R. at 750.

■ The record indicates that Hale merely restated the same arguments that were previously raised and rejected by the bankruptcy court and did not set forth any newly discovered evidence. He also did not establish the existence of a manifest error of fact or law.

---

**12.** *In re Williams,* BAP No. ID–93–1870, filed as an unpublished memorandum decision on November 22, 1994.

**13.** *See supra* note 12.

**14.** Federal Rule of Civil Procedure 59 is made applicable to bankruptcy proceedings through Rule 9023.

Hale could not demonstrate a manifest error of fact or law without providing contemporaneous time records or other evidence. It is impossible to determine whether the fees requested were reasonable without reviewing Hale's time records. For example, without the time records, the bankruptcy court could not ascertain to what extent the petitions, schedules, and the statements of affairs were prepared by Williams and not Hale. The bankruptcy court therefore did not abuse its discretion by denying Hale's motion for reconsideration.

## V. CONCLUSION

Debtors' counsel in these cases failed to timely comply with the requirements of § 329 and Rule 2016 regarding disclosure of attorney compensation. By failing to provide contemporaneous time records, counsel failed to prove that his fees were reasonable. The bankruptcy court therefore did not abuse its discretion in granting the UST's motions to review and disgorge counsel's attorney's fees.

The bankruptcy court did not abuse its discretion in denying counsel's motions to recuse. Counsel failed to prove his allegations that the bankruptcy judge was biased against counsel or his employee. The record reflects that the bankruptcy court rendered a fair judgment, given the fact that he could have rightfully denied counsel's entire fee request.

Finally, counsel failed to provide any new evidence or show that there was a manifest error of fact or law which would justify the granting of his motion for reconsideration of the order for disgorgement of fees. The bankruptcy court did not abuse its discretion in denying counsel's motion for reconsideration.

Accordingly, we AFFIRM.