FILED

JUL 03 2013

NOT FOR PUBLICATION

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. CC-12-1642 |
| | ) |
| JORGE BARAJAS, | ) Bankr. No. 11-34851-BB |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| MICHAEL A. RIVERA, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| EDWARD M. WOLKOWITZ, Chapter 7 | ) |
| Trustee, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Argued and Submitted on June 20, 2013
at Pasadena, California

Filed - July 3, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sheri Bluebond, Bankruptcy Judge, Presiding

_____

Appearances:    Michael A. Rivera and Edward M. Wolkowitz argued
                pro se.

_____

Before: PAPPAS, DUNN and KIRSCHER, Bankruptcy Judges.

_____

[1]  This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8013-1.

-1-

Michael A. Rivera ("Rivera") appeals the orders of the bankruptcy court: (1) requiring him to disgorge a $10,000 retainer paid to Rivera prepetition by debtor Jorge Barajas ("Debtor"); and (2) denying reconsideration of that order. We AFFIRM.

**FACTS**

Debtor filed a petition for relief under chapter 11[2] on June 8, 2011. Rivera signed the petition as his attorney. Attached to the schedules filed on June 22, 2011, was the Disclosure of Compensation of Attorney for Debtor, signed by Rivera, indicating that Debtor had paid him a $10,000 retainer before filing the petition.

On July 7, 2011, Rivera filed three identical applications with the bankruptcy court to obtain approval of his employment as attorney for the Debtor. Rivera filed a fourth identical employment application on July 11, 2011. Rivera represents that these multiple filings were caused by computer problems at his office, which after our review of the docketed entries appears to be a reasonable explanation. However, none of the four applications was accompanied by a Notice of Application as required by Bankr. C.D. Cal. Local R. 2014-1(b).

On September 15, 2011, the bankruptcy court granted the motion of the United States Trustee to convert Debtor's bankruptcy case to a case under chapter 7. Appellee herein, Edward M. Wolkowitz, was appointed chapter 7 trustee ("Trustee") on October 18, 2011.

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-2-

Rivera was replaced as Debtor's counsel by Ronald F. Michelman on November 22, 2011.

Rivera filed a fifth Employment Application on December 13, 2011. Although the bankruptcy case had by then been converted to chapter 7, and Rivera was no longer Debtor's attorney, the application was identical to his previous four, as though the case were still pending under chapter 11; the application did not request nunc pro tunc approval of Rivera's employment. Again, there was no Notice of Application as required by Local R. 2014-1(b).

A creditor, Jack S. Brandon, filed an opposition to Rivera's fifth application on December 28, 2011. Brandon observed that Rivera had submitted the application six months after the case was commenced, Rivera was no longer attorney for the Debtor, and the Employment Application failed to state any exceptional circumstances required to grant nunc pro tunc relief. Brandon asked the bankruptcy court to deny the Employment Application and direct Rivera to turn over the $10,000 retainer to the chapter 7 trustee. Rivera did not respond to Brandon's arguments, and still did not set a hearing on the fifth application.

Trustee sent Rivera a letter on July 12, 2012, demanding that he turn over of the $10,000 retainer because the bankruptcy court had never authorized his employment. Rivera, on July 23, 2012, requested a two-week extension so that he could seek clarification from the bankruptcy court regarding his employment status. There is no indication in the record that Rivera contacted the bankruptcy court about his predicament at any time in the next two months.

On September 24, 2010, Trustee filed a Motion for Disgorgement of Fees and for Determination of the Reasonable Value of Services Rendered by Counsel.  In the motion, Trustee argued that disgorgement and turnover of the funds in Rivera's possession was proper because Rivera's employment had never been approved as required by § 327(a) and Rule 2014.  Even if the bankruptcy court would somehow retroactively approve Rivera's employment, Trustee pointed out that his claim for compensation and expenses would be subordinated to payment of chapter 7 administrative expenses. § 726(b) (providing that administrative claims incurred after conversion have priority over administrative claims incurred before conversion).

Rivera filed an opposition to the disgorgement motion on October 19, 2012.  His principal argument was that the disgorgement motion was a request to recover money from someone other than the debtor which could only be prosecuted as an adversary proceeding.  See Rule 7001(1).  Rivera also noted that it was "unclear" why his five employment applications had not been "signed and entered[;] however, a declaration requesting signature and entry of the order, or a hearing thereon, will be submitted forthwith and prior to the hearing on this matter."

Rivera filed a Declaration Regarding Lack of Timely Response on October 29, 2012.  In it, Rivera asserted that there was no opposition filed to his employment applications that had been filed on July 7 and 11, 2011, and so he had "uploaded" a proposed Order to the bankruptcy court approving the applications on July 19, 2011.  Attached to his declaration was what appears to be a confirmation from the bankruptcy court that the order had been

-4-

uploaded. However, the docket has no indication that the order was ever either uploaded or signed. Additionally, Rivera does not dispute that no Notice of Application had ever been filed respecting any of the five employment applications.

The day before the hearing on the Disgorgement Motion on October 31, 2012, Rivera filed his a sixth identical employment application. This time, he did file a Notice of Application and attempted to set a hearing date for approval of the application for November 28, 2012.

The bankruptcy court conducted the hearing on the Disgorgement Motion on October 31, 2012. Rivera and Trustee appeared and were heard. As to Rivera's argument that an adversary proceeding was required for the disgorgement request, the court ruled that because this was not a turnover proceeding, but rather a motion concerning disgorgement of Rivera's attorney fees, Trustee's request was properly before the court by motion.

As to Rivera's contention, first raised at the hearing, that he had performed a significant portion of his services prepetition, the bankruptcy court observed that this was not disclosed in his employment applications, or his Rule 2014 Verified Statement. Finally, as to Rivera's general contention that he had timely submitted orders for approval of his employment, the court noted that Rivera had failed in his duty of diligence to make sure the orders were not only submitted but acted upon by the court.

The bankruptcy court orally granted the Disgorgement Motion and, on November 7, 2012, entered an order requiring Rivera to pay over the retainer to Trustee (the "Disgorgement Order").

Rivera requested reconsideration of the Disgorgement Order on November 21, 2012. In the motion, Rivera conceded that he was mistaken in arguing that a disgorgement motion under these circumstances required an adversary proceeding. However, he suggested that it was the bankruptcy court's oversight that had prevented orders from being entered authorizing his employment. And he provided information to the court that $6,750 of the retainer had been earned prepetition. Rivera therefore asked "in the interests of fairness and equity the Disgorgement Order should be altered to take into account the fees earned prepetition . . . , the employment of the debtor's attorney should be approved nunc pro tunc, and relief should be granted, in whole or in part."

The bankruptcy court entered an order denying reconsideration on December 4, 2012. The court noted that all of the arguments made by Rivera had been previously considered and rejected by the court at the hearing on October 31, 2012. The bankruptcy court further observed that Rivera had failed to act with sufficient diligence in taking steps to ensure that his employment was considered and approved by the court. Finally, the court observed that Rivera had failed to disclose in his statements made under penalty of perjury in the employment applications and his Rule 2014 Verified Statement that most of the retainer had been earned prepetition, but instead described the entire retainer as an advance against future fees and costs.

Rivera filed a timely appeal of the Disgorgement Order and the order denying reconsideration.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334

-6-

and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court abused its discretion in issuing the Disgorgement Order by requiring Rivera to disgorge the $10,000 retainer paid to him by Debtor.

Whether the bankruptcy court abused its discretion in declining to reconsider its Disgorgement Order.

**STANDARD OF REVIEW**

A bankruptcy court's disgorgement order directed to a debtor's attorney is reviewed for abuse of discretion. Hale v. U.S. Tr. (In re Byrne), 208 B.R. 926, 930 (9th Cir. BAP 1997); aff'd, 152 F.3d 924 (9th Cir. 1998).

A denial of a motion for reconsideration is reviewed for abuse of discretion. Smith v. Pac. Props. & Dev. Corp., 358 F.3d 1097, 1100 (9th Cir. 2004); Branam v. Crowder (In re Branam), 226 B.R. 45, 51 (9th Cir. BAP 1998).

A bankruptcy court abuses its discretion if it applies the wrong legal standard or its factual findings are illogical, implausible or without support in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

**I.**

**The bankruptcy court did not abuse its discretion
in granting the Disgorgement Order.**

This appeal poses a straightforward question: May a bankruptcy court order the disgorgement of a retainer paid before the filing of the petition by a chapter 11 debtor to an attorney when the attorney, through his own lack of diligence, did not

-7-

obtain approval of his employment? The bankruptcy court did not abuse its discretion when it decided to order disgorgement under these facts.

Section § 327(a) provides that: "Except as otherwise provided in this section, the trustee [or, as here, the debtor in possession under § 1107], with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." Rule 2014(a) provides that the approval of the employment of counsel under § 327 requires a verified statement by the person to be employed setting forth his or her connections with the debtor and certain parties in interest and their professionals.

Approval of employment under § 327(a) is not optional before an attorney for a chapter 11 debtor can be compensated. Indeed, approval of employment under § 327 is a "condition precedent" to the bankruptcy court's authority to grant or deny compensation in any form to a debtor in possession's attorney. In re CIC Investment Corp., 192 B.R. 549, 553 (9th Cir. BAP 1996); DeRonde v. Shirley (In re Shirley), 134 B.R. 940, 943—44 (9th Cir. BAP 1992) ("Failure to receive court approval for the employment of a professional in accordance with § 327 and Rule 2014 precludes the payment of fees."); see also Lamie v. United States, 540 U.S. 526, 538 (2004) (the Bankruptcy Code "does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327.").

The Ninth Circuit has addressed failure to obtain approval of

-8-

employment by debtor's counsel in a decision not cited by either party in this appeal. Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis), 113 F.3d 1040, 1044 (9th Cir. 1997). In Lewis, the debtor retained Franke, who agreed to represent the debtor in a bankruptcy case for a retainer of $10,000, plus $30,000 to be paid postpetition. Franke alleged that he submitted an application for employment under § 327(a) to the U.S. Trustee and the bankruptcy court. However, the bankruptcy court found no evidence that an application had ever been filed. Id. at 1040. Several months after commencement of the chapter 11 case, Franke discovered that his employment application had not been filed. So Franke submitted another application seeking retroactive approval of employment. However, before the hearing on the second employment application, the bankruptcy court granted the U.S. Trustee's motion for appointment of a chapter 11 trustee. At the hearing, the court approved Franke's employment application, but required Franke to remit all funds he had received from the debtor to the chapter 11 trustee until a proper disposition of the funds could be made. Franke paid $6,636.15 to the trustee, representing the $10,000 he was paid prepetition, less $3,363.85 for prepetition services and expenses; Franke did not remit the $30,000 that was paid postpetition. After reviewing the accounting provided by Franke, the bankruptcy court ordered Franke to disgorge the remaining retainer and postpetition payments made to him. The district court on appeal affirmed the bankruptcy court's decision.

The Ninth Circuit affirmed the district court. Concerning the $3,363.85 of the prepetition retainer that was not required to

be disgorged, the court found that the bankruptcy court made the appropriate findings that the services were performed and reasonable. However, the Court of Appeals rejected Franke's argument that the bankruptcy court was required to perform a reasonableness and effectiveness analysis before ordering disgorgement of fees. "The bankruptcy court's authority to deny completely these attorney's fees was grounded in the inherent authority over the debtor's attorney's compensation. . . . We do not mean to say that the excessiveness or reasonableness of those fees is irrelevant in all cases; in appropriate circumstances, a bankruptcy court should inquire into these subjects as part of deciding whether and to what extent to order disgorgement." In re Lewis, 113 F.3d at 1045.

The court of appeals also noted that disgorgement of a retainer to a trustee is not necessarily a determination that the retainer is property of the estate. The bankruptcy court had made no such determination or ruling as to the ultimate disposition of the funds.

Although there are some distinctions between Lewis and the case on appeal, there are sufficient similarities to justify our conclusion that the bankruptcy court here did not abuse its discretion in ordering Rivera to disgorge the retainer he had been paid by Debtor.

Franke, originally, and Rivera, repeatedly, failed to confirm that their employment applications had been acted on by the bankruptcy court. But when Franke discovered that his application had not been approved (albeit several months late), he filed a nunc pro tunc application, which was conditionally approved

-10-

provided that he account for his stewardship of the retainer funds.

In our appeal, while Rivera filed six identical applications, all seeking employment as counsel to a debtor in possession in chapter 11, Rivera apparently made no effort to confirm if the first four applications had ever been approved by the bankruptcy court. And Rivera's fifth application was filed on December 13, 2011, three months after the case was converted to chapter 7 and one month after Rivera had been terminated as Debtor's counsel, yet he still was using the identical application seeking employment under § 327 as a chapter 11 debtor's counsel. His sixth application, submitted the day before the hearing on the disgorgement motion, was again precisely the same as the first five applications, even bearing the same date of the signature, July 5, 2011.[3] Moreover, although Rivera's fifth and sixth applications were submitted after the case was converted to chapter 7 and Rivera had been terminated as debtor's counsel, they still sought appointment as chapter 11 counsel and did not request nunc pro tunc appointment.[4]

---

[3] At the hearing before the Panel, Rivera suggested that he had withdrawn the sixth application. We find nothing in the transcript of the argument on October 31, 2012 or anywhere in the record or docket to support this statement.

[4] The first and only time Rivera requested nunc pro tunc approval of his employment was in his motion for reconsideration of the Disgorgement Order. It was also the first and only time that Rivera asserted that he paid himself from the retainer prepetition. As discussed below, the court was under no obligation to consider in a reconsideration motion information and evidence that should have been presented in Rivera's opposition to the Disgorgement Motion. Moreover, nunc pro tunc employment is granted only in "extraordinary or exceptional circumstances."

(continued...)

-11-

As the bankruptcy court noted, Rivera's first five applications were not accompanied by the necessary Notice of Application required by the Local Bankruptcy Rules of the Central District of California:

> (A) Notice of an application by the . . . debtor in possession or trustee to retain a professional person must be filed and served, in accordance with LBR 2002-2(a) and LBR 9036-1 on the United States trustee, the creditors committee or the twenty largest creditors if no committee has been appointed, counsel for any of the foregoing, and any other party in interest entitled to notice under FRBP 2002. . . .

> (C) The notice must be filed and served not later than the day the application is filed with the court.

Bankr. C.D. Cal. Local R. 2014-1(b)(2) (2012).

It is not disputed that Rivera did not send the Notice of Application for the first five applications to the United States Trustee, or the twenty largest unsecured creditors (no committee was appointed), as required by Local R. 2014-1(b). Rivera does not discuss this failure to file and serve the notices of application in this appeal. This is perplexing since all six employment applications specifically seek employment under Local

_____

[4](...continued)
Mehdipour v. Marcus & Millichap (In re Mehdipour), 202 B.R. 474, 479 (9th Cir. BAP 1996). Professionals seeking nunc pro tunc employment "must (I) satisfactorily explain their failure to receive prior judicial approval; and (ii) demonstrate that their services benefitted the bankruptcy estate in a significant manner." Atkins v. Wayne (In re Atkins), 69 F.3d 970, 974 (9th Cir. 1995). Simply requesting nunc pro tunc approval in a reconsideration motion, without submitting the mandatory nunc pro tunc application, does not demonstrate the extraordinary or exceptional circumstances required for nunc pro tunc consideration by the bankruptcy court. Indeed, as Trustee suggests, Rivera's submission of a chapter 11 petition for his client that was converted almost immediately after filing, as well as his termination as debtor's counsel shortly thereafter, do not demonstrate that his services "benefitted the bankruptcy estate in a significant manner."

-12-

R. 2014-1(b), and thus, he cannot argue that he was unaware of the requirement to send notices along with the employment applications.

The bankruptcy court ruled that it would not approve an employment application that was not accompanied by the required notice of application, as required by the local rules. It is not an abuse of discretion for the bankruptcy court to enforce its local rules. Judges should adhere to their court's local rules, which have the force of federal law. Hollingsworth v. Perry, 558 U.S. 183, 130 S.Ct. 705, 710 (2010) (per curiam); Prof'l Programs Grp. v. Dep't of Commerce, 29 F.3d 1349, 1353 (9th Cir. 1994) (explaining that "a departure from local rules . . . is justified only if the effect is so slight and unimportant that the sensible treatment is to overlook [it]."). Here, Rivera's failure to provide required notices of an employment application for counsel to the debtor to the United States Trustee and the largest unsecured creditors is not a slight and unimportant departure from the local rules.

Besides the absence of the required notice of the filing of Rivera's applications, the bankruptcy court was most concerned that, for all six employment applications, Rivera had not acted with diligence in seeking approval of his employment. All litigants are expected to prosecute their cases with diligence, and that requires the regular monitoring of the court's docket. In re Sweet Transfer & Storage, Inc., 896 F.2d 1189, 1193 (9th Cir. 1990) (lack of access to the court docket is never an excuse).

Finally, the bankruptcy court noted that, had Rivera taken

-13-

appropriate steps after Trustee filed the Disgorgement Motion to obtain nunc pro tunc approval of his employment application, "we would not be here today." Hr'g Tr. 14:23-24. The court was particularly concerned that Rivera had requested a two-week extension from Trustee to seek bankruptcy court approval for his employment. However, two months passed with no action from Rivera except the filing of an objection to the Disgorgement Motion. Indeed, Rivera then filed yet a sixth application without seeking nunc pro tunc approval.

Thus, unlike the situation in Lewis, Rivera simply did not diligently pursue his employment application.

A second difference between Lewis and this appeal is that, at the time the court in Lewis ordered disgorgement of the retainer, the bankruptcy court received evidence from Franke about the prepetition services he had provided to the debtor. With that information, the bankruptcy court could conduct a § 329(b) analysis to determine if prepetition services should be excluded from the disgorgement.

In this appeal, the bankruptcy court was given contradictory information by Rivera concerning his prepetition services for Debtor. Although Rivera argued at the hearing that the majority of his fees were earned prior to the commencement of the bankruptcy case, the court noted that this contention could not be squared with the contents of his many employment applications and the Rule 2014 verified statement. That statement represented that:

> 3. The terms and source of the proposed compensation and reimbursement of the Professional are: Ten thousand ($10,000) initial retainer in light of complex

-14-

litigation history. $300 per hour for legal services of Michael A. Rivera and of counsel consultant Norma E. Ortiz. Reimbursement of actual costs and $1.00 per page for faxes and $.25 per page for copies.

4. The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are: Retainer is an advance against fees and costs arising in connection with debtor's bankruptcy and related civil matters subject to the approval of the court.

At the time of hearing on the Disgorgement Motion, the bankruptcy court had no evidence from Rivera regarding the specific tasks he had allegedly performed prepetition.[5]

Contrary to Rivera's position in this appeal that the bankruptcy court was required to make a determination of the reasonableness of attorney fees for prepetition services, the Lewis court ruled that the court may, but is not required to, make such determinations: "We do not mean to say that the excessiveness or reasonableness of those fees is irrelevant in all cases; in appropriate circumstances, a bankruptcy court should inquire into these subjects as part of deciding whether and to what extent to order disgorgement." In re Lewis, 113 F.3d at 1045. Here there was no specific evidence that there were prepetition services provided, so a § 329(b) analysis of those services as a precondition for disgorgement would not be required.

For all these reasons, we conclude that the bankruptcy court did not abuse its discretion in ordering that the retainer paid by Debtor to Rivera should be disgorged. An experienced bankruptcy

---

[5] As discussed above and below, Rivera did present evidence of the tasks performed prepetition in his motion for reconsideration. However, such evidence could (and should) have been provided at the original hearing. Consequently, the bankruptcy court was not required to consider it after ordering disgorgement.

-15-

attorney who fails to timely obtain approval of his employment as counsel for the chapter 11 debtor may not retain compensation paid to him, including a retainer. Rivera's employment as Debtor's counsel was never approved by the court because he did not comply with the local rules governing employment, nor did he exercise the due diligence that is required in pursuing authorization for employment as Debtor's counsel in this case. In addition, Rivera did not timely provide the bankruptcy court the sort of specific evidence of his alleged prepetition services required under § 329(b) to justify an exception to protect his reasonable prepetition fees from disgorgement.

**II.**

### The bankruptcy court did not abuse its discretion by denying reconsideration of the Disgorgement Order.

A motion for reconsideration submitted within fourteen days of an order is reviewed under Civil Rule 59(e), incorporated in Rule 9023. United Student Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 204, 209 (9th Cir. BAP 2006) (discussing an earlier ten-day rule that was changed in 2008 to fourteen days). The Ninth Circuit has held that relief under Civil Rule 59(e) is not available absent newly discovered evidence, clear error committed by the trial court, or if there is an intervening change in controlling law. Reconsideration is not justified if the proffered new evidence could have reasonably been discovered prior to the court's earlier ruling. Hopkins v. Andaya, 958 F.2d 881, 887 (9th Cir. 1992). Here, as discussed above, the bankruptcy court did not commit any clear error, nor has there been any change in controlling law. Therefore, Rivera's hopes for

reconsideration must be founded upon what he alleged to be newly discovered evidence or arguments. Rivera's arguments lack merit.

The bankruptcy court concluded that, with one exception, all of the arguments raised by Rivera in the reconsideration motion had been reviewed and rejected at the Disgorgement Motion hearing. The one element of supposedly "new" evidence offered by Rivera consisted of the time records he submitted purportedly documenting the prepetition services he had provided to Debtor. However, such information could have been provided to the bankruptcy court at the time of the hearing on the Disgorgement Motion, thus was not "new" evidence and the bankruptcy court was not required to consider it. Id. Thus, it was not an abuse of discretion for the bankruptcy court to reject this "new" evidence and to decline to reconsider the Disgorgement Order.[6]

**CONCLUSION**

We AFFIRM the orders of the bankruptcy court.

_____

[6] In this appeal and at argument before the Panel, Rivera suggests that the bankruptcy court erred by ordering disgorgement of the retainer to Trustee instead of the source of the funds, a relative. Rivera's argument is not consistent with the statements in all six applications: "The retainer was paid to [Rivera] by the Debtor from non-estate assets. The Debtor informed [Rivera] that he obtained the funds from a family member." Application for Employment at ¶ 12. In short, Rivera's own statement shows that he had no contact with a third party and that he got the funds directly from his client. The bankruptcy court did not err in directing the funds disgorged to Trustee. In re Lewis, 113 F.3d at 1046 ("The Bankruptcy Court may order the return to the Debtor of any payment made to an attorney representing the Debtor or in connection with a bankruptcy proceeding, irrespective of the source of payment.").

-17-