NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. AZ-13-1118-KuDPa |
| | ) |
| WADE SMITH and | ) Bk. No. 12-02509 |
| HAZEL CAMPBELL-SMITH, | ) |
| | ) |
| Debtors. | ) |
| _____ | ) |
| | ) |
| FRUTKIN LAW FIRM, PLC, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **MEMORANDUM**[*] |
| | ) |
| RUSSELL A. BROWN, Chapter 13 | ) |
| Trustee; WADE SMITH; HAZEL | ) |
| CAMPBELL-SMITH, | ) |
| | ) |
| Appellees.[**] | ) |
| _____ | ) |

Argued and Submitted on January 23, 2014
at Tempe, Arizona

Filed – February 26, 2014

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Sarah Sharer Curley, Bankruptcy Judge, Presiding

Appearances:     Carolyn R. Tatkin of the Frutkin Law Firm, PLC
argued for Appellant the Frutkin Law Firm, PLC.

Before: KURTZ, DUNN and PAPPAS, Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**]While each of the above-captioned appellees was listed in the notice of appeal as a party to the order on appeal, none of them have actively participated in this matter either in the bankruptcy court or on appeal.

**INTRODUCTION**

Appellant the Frutkin Law Firm, PLC ("Frutkin") filed an application in the debtors' chapter 13[1] bankruptcy case seeking interim compensation on an hourly fee basis. The bankruptcy court granted the application in part and denied it in part, and Frutkin filed a motion for reconsideration. The bankruptcy court, upon reconsideration, vacated its interim fee order and granted Frutkin even less fees, limiting its fee award to $2,500, the flat fee stated in Frutkin's initial compensation disclosure filed pursuant to § 349(a) and Rule 2016(b). Frutkin appealed.

The bankruptcy court did not abuse its discretion in limiting Frutkin's fees based on the contents of the initial disclosure. Therefore, we AFFIRM.

**FACTS**

On February 13, 2012, Frutkin filed a chapter 13 petition and plan on behalf of debtors Wade Smith and Hazel Campbell-Smith. On that same date, Frutkin filed a disclosure pursuant to § 349(a) and Rule 2016(b) regarding its compensation for representing the Smiths in their bankruptcy case. Frutkin represented in its Rule 2016 disclosure that, prior to the bankruptcy filing, it had received from the Smiths a $2,500 flat fee in exchange for its legal services covering "all aspects" of the Smiths' bankruptcy case.[2] One of the attorneys employed by

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2]The disclosure stated that adversary proceedings and relief
(continued...)

2

Frutkin signed the Rule 2016 disclosure, in the process certifying that the disclosure constituted "a complete statement of any agreement or arrangement" regarding Frutkin's compensation for representing the Smiths in the bankruptcy case.

Apparently, the Rule 2016 disclosure was inaccurate. As Frutkin later disclosed, instead of a $2,500 flat fee for its bankruptcy services, Frutkin had agreed with the Smiths to an hourly fee arrangement, with the $2,500 paid prepetition to be applied against any fees approved by the bankruptcy court, and any approved fees in excess of the $2,500 to be paid pursuant to the Smiths' confirmed chapter 13 plan.

Notwithstanding the inaccuracy of the initial disclosure, Frutkin did not file an amended Rule 2016 disclosure until October 30, 2012, over eight months after the commencement of the bankruptcy case. According to Frutkin, it did not review its initial disclosure and discover that it was inaccurate until sometime in late September or early October 2012, as it worked on its response to the chapter 13 trustee's September 28, 2012 recommendations concerning the Smiths' amended chapter 13 plan.

Frutkin filed its interim fee application in November 2012. The fee application sought approval of roughly $10,300 in fees and costs in aggregate. Frutkin sought to retain the $2,500 the Smiths had paid prepetition, plus it sought payment from the bankruptcy estate of roughly $7,800 as an administrative expense

---

[2](...continued)
from stay proceedings were excepted from coverage. These coverage exceptions are not relevant to our resolution of this appeal.

3

pursuant to §§ 330(a)(4)(B), 331 and 503(b)(2).

The bankruptcy court granted the fee application in part and denied it in part. The bankruptcy court expressed concern that the $2,500 paid prepetition might amount to a preference under § 547 to the extent the cash was paid on account of services previously rendered. The court also was concerned that, to the extent there were fees owed to Frutkin but unpaid as of the petition date, Frutkin would have qualified as a creditor and hence would not have been disinterested. Based on these concerns, the bankruptcy court directed Frutkin to turn over the $2,500 to the chapter 13 trustee but at the same time directed the trustee to pay roughly $7,800 to Frutkin.

Frutkin then filed a motion for reconsideration of the interim fee order. In its reconsideration motion, Frutkin asserted that the disinterestedness standard does not apply in chapter 13 cases. Frutkin further asserted that all of the services it provided were rendered "in connection with the bankruptcy case" and thus were entitled to administrative expense priority status under §§ 330(a)(4)(B) and 503(b)(2). As a result of this status, Frutkin contended, the $2,500 was not recoverable as a preference.

The bankruptcy court held a hearing on the reconsideration motion on February 27, 2013. At the hearing, the court granted reconsideration of its interim fee order in the sense that it vacated the order and replaced it with a new and different ruling regarding Frutkin's fees. But the court's reconsideration did not lead to an increase in Frutkin's fee award as Frutkin had sought. Rather, the court's ruling effectively reduced the fees

4

awarded from $7,800 to $2,500.

The bankruptcy court acknowledged and considered Frutkin's point that, generally speaking, §§ 330(a)(4)(B) and 503(b)(2) provide counsel for chapter 12 and 13 debtors with a first-priority administrative claim for fees incurred in connection with the case. However, according to the court, it was subject to debate what scope of prepetition services was sufficiently connected to the case to qualify for administrative expense status. And any connection here, the court reasoned, was attenuated by the prolonged period of time (roughly six months) during which the prepetition services were performed before the bankruptcy case was filed.

In any event, the bankruptcy court identified a different and overriding concern: the court was troubled by Frutkin's lack of timely efforts to accurately disclose its compensation agreement with the Smiths. The court found: (1) that the initial disclosure inaccurately represented that the parties had agreed to a $2,500 flat fee, when in fact they actually had agreed to an hourly fee arrangement; (2) that Frutkin did not amend its disclosure to correct this inaccuracy until roughly eight months later, shortly before it filed its interim fee application; (3) that the amended disclosure left unanswered a number of questions, such as why the initial disclosure was inaccurate, why it took so long to correct it, and precisely when the $2,500 was paid; and (4) that, in sum, the amended disclosure was too little and too late to meaningfully cure the deficiencies associated with the initial disclosure.

Based on its concerns regarding Frutkin's disclosure

5

efforts, the bankruptcy court held that it only would award Frutkin fees and costs in the fixed amount of $2,500, the flat fee Frutkin had represented was agreed to in its initial disclosure. On March 4, 2013, the bankruptcy court entered a minute order reflecting the new fee award, and on March 13, 2013, Frutkin timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.[3]

## ISSUE

Did the bankruptcy court abuse its discretion when it limited Frutkin's compensation to the $2,500 disclosed as a flat fee in Frutkin's initial Rule 2016 disclosure?

## STANDARDS OF REVIEW

We review the bankruptcy court's fee award for an abuse of discretion. See Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis), 113 F.3d 1040, 1043 (9th Cir. 1997). We similarly review the bankruptcy court's decision on a reconsideration motion. See First Ave. W. Bldg. LLC v. James (In re OneCast

---

[3]The record in this appeal reflects that the order on Frutkin's reconsideration motion was the bankruptcy court's final determination of Frutkin's entitlement to fees. The court made it clear at the reconsideration hearing that there would be no additional fees granted. See Hr'g Tr. (Feb. 27, 2013) at 19:1-20:19. Moreover, shortly after the reconsideration hearing, new counsel for the Smiths substituted into the case in place of Frutkin, and then the Smiths voluntarily dismissed their case. Under these circumstances, the order appealed qualifies as a final and appealable order. See Yermakov v. Fitzsimmons (In re Yermakov), 718 F.2d 1465, 1469 (9th Cir. 1983).

6

<u>Media, Inc.)</u>, 439 F.3d 558, 561 (9th Cir. 2006).

The bankruptcy court abuses its discretion if it identifies and applies the wrong legal rule or if its findings of fact are illogical, implausible or without adequate support in the record. <u>See</u> <u>United States v. Hinkson</u>, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc); <u>see also</u> <u>Ferrette & Slater v. U.S. Trustee (In re Garcia)</u>, 335 B.R. 717, 723 (9th Cir. BAP 2005) ("We do not disturb a bankruptcy court's award of attorneys' fees, unless the court abused its discretion or erroneously applied the law.").

## DISCUSSION

Section 329(a) and Rule 2016(b) are part of a regulatory scheme put in place to combat overreaching by debtor's counsel in the process of negotiating and seeking compensation. <u>See</u> <u>Hale v. U.S. Trustee (In re Basham)</u>, 208 B.R. 926, 933 & n.11 (9th Cir. BAP 1997); 3 COLLIER ON BANKRUPTCY ¶ 329.01 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013). They require a debtor's counsel to disclose any compensation the debtor has paid or agreed to pay within one year before the bankruptcy filing, regardless of whether counsel will be seeking employment by or compensation from the bankruptcy estate. <u>See</u> <u>In re Mayeaux</u>, 269 B.R. 614, 622 n.14 (Bankr. E.D. Tex. 2001); 3 COLLIER ON BANKRUPTCY, <u>supra</u>, at ¶ 329.01; Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY § 294.1, at ¶¶ 2, 3 (4th ed., Sec. Rev. June 17, 2004, www.Ch13online.com).

The requisite disclosure must be filed within 14 days of the order for relief. <u>See</u> Rule 2016(b). Further, it must be supplemented in writing within 14 days if additional or different compensation is paid or agreed to. <u>See</u> <u>id.</u> These disclosure

7

requirements are mandatory and not permissive. In re Basham, 208 B.R. at 931. If counsel fails to properly disclose compensation paid or agreed to, the bankruptcy court has discretion to reduce or completely deny fees, even if the error or omission in disclosure was inadvert. In re Lewis, 113 F.3d at 1045 (citing Nebben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.), 63 F.3d 877, 882 (9th Cir. 1995)).

Frutkin argues that the bankruptcy court erred as a matter of law in reducing its fee award because the court improperly considered concepts not relevant to Frutkin's representation of chapter 13 debtors, such as the concept of disinterestedness.[4] Frutkin further argues that many of the cases on which the bankruptcy court relied are distinguishable because they were chapter 11 cases in which counsel's employment as an estate professional under § 327 and Rule 2014 was at issue.

While the bankruptcy court did initially express some concern regarding Frutkin's disinterestedness and did cite to several chapter 11 cases concerning employment under § 327, Frutkin's emphasis on these points is unwarranted. A fair reading of the bankruptcy court's decision in its entirety reflects that the court's ruling hinged on § 329(a), Rule 2016(b), and Frutkin's defective initial disclosure. And it is beyond dispute that the disclosures required by § 329(a) and

---

[4]For purposes of considering Frutkin's arguments, we assume without deciding that the Bankruptcy Code does not require disinterestedness in order to employ and compensate chapter 13 debtor's counsel. See In re Gutierrez, 309 B.R. 488, 500-01 (Bankr. W.D. Tex. 2004); In re Busetta-Silvia, 300 B.R. 543, 549-50 & n.11 (Bankr. D.N.M. 2003), rev'd on other grounds, 314 B.R. 218 (10th Cir. BAP 2004).

8

Rule 2016(b) apply to chapter 13 debtor's counsel. See CHAPTER 13 BANKRUPTCY, supra, § 294.1, at ¶ 2. Indeed, these disclosure requirements are especially important in chapter 13 cases because the bankruptcy court typically has little or no opportunity in such cases to formally consider attorney employment and compensation. See In re Berg, 356 B.R. 378, 381 (Bankr. E.D. Pa. 2006) (citing In re Fricker, 131 B.R. 932, 940-41 (Bankr. E.D. Pa. 1991)); see also 9 COLLIER ON BANKRUPTCY, supra, at ¶ 2016.18.

Frutkin alternately contends that the bankruptcy court erred in reducing its fees because its hourly fee arrangement was duly referenced in other documents, namely in the Smiths' chapter 13 plans, in its amended Rule 2016 disclosure, and ultimately in its interim fee application. But this panel previously has held that, even when the correct information is supplied in one or more other documents filed in the bankruptcy court, the bankruptcy court is not obliged to excuse counsel's defective compliance with § 329(a) and Rule 2016(b). See In re Basham, 208 B.R. at 931. Moreover, the presence of correct information in other documents is of dubious assistance to the bankruptcy court when, as here, the court is confronted with incorrect information in the initial Rule 2016 disclosure.

This is not to say that a mistake in the initial Rule 2016 disclosure necessarily is irrevocable. Under certain circumstances, a debtor's counsel may be able to cure the disclosure defect by expeditiously amending the disclosure. But the bankruptcy court here found that Frutkin's amended disclosure – filed roughly eight months after the bankruptcy case was commenced – was not sufficiently expeditious or complete to

9

meaningfully rectify Frutkin's disclosure error. We cannot say that this finding was illogical, implausible or without support in the record.

Frutkin counters that no one was harmed or prejudiced by its inaccurate disclosure. Therefore, Frutkin asserts, the bankruptcy court should not have reduced its fee award based on the inaccurate disclosure. But the Ninth Circuit has stated that the bankruptcy court may reduce or deny a fee award to debtor's counsel based on an inaccurate disclosure even when there is no actual harm to the estate. See In re Park-Helena Corp., 63 F.3d at 881. Put another way, § 329(a) and Rule 2016(b) require complete, precise and accurate disclosure and are strictly enforced. See id.; see also In re Fricker, 131 B.R. at 939; 9 COLLIER ON BANKRUPTCY, supra, at ¶ 2016.20.[5]

We acknowledge that Frutkin's forfeiture of $7,800 in fees may seem like a harsh result, especially given that its hourly fee arrangement was disclosed in other court documents, its disclosure error appeared inadvertent, and there was no apparent harm to the estate resulting from the disclosure error. We further acknowledge that other bankruptcy courts under similar circumstances may have chosen to exercise their discretion

---

[5]In its appeal brief, Frutkin pointed out several times that neither the Smiths nor any other interested party objected to its fees. This fact is of little significance, because the bankruptcy court had an independent duty to review the compensation Frutkin requested "notwithstanding the absence of objections by the trustee, debtor or creditors." Lobel & Opera v. U.S. Trustee (In re Auto Parts Club, Inc.), 211 B.R. 29, 33 (9th Cir. BAP 1997) (citing In re Busy Beaver Building Ctrs., Inc., 19 F.3d 833, 841 (3d Cir. 1994)).

10

differently. Even so, there simply is nothing in the record indicating that the bankruptcy court here abused its discretion. Moreover, Frutkin easily could have avoided this harsh result by taking simple steps to ensure that its initial Rule 2016 disclosure was accurate and complete and, failing that, by expeditiously correcting its disclosure error.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order on Frutkin's reconsideration motion.